# Supreme Court of Judicature

OF THE

## STATE OF INDIANA,

AT INDIANAPOLIS, NOVEMBER TERM, 1899, AND MAY TERM,
1900, IN THE EIGHTY-FOURTH YEAR OF THE STATE.

154 1
158 697

### WEAVER v. THE STATE.

[No. 18,897. Filed January 3, 1900.]

CONTINUANCE.—*Absence of Witness.*—*Affidavit.*—*Criminal Law.*—An affidavit for a continuance on account of the absence of a witness must affirmatively show that the applicant believes the facts to be true which he alleges he can prove by the absent witness. *p. 3.*

SAME.—*Absence of Witness.*—*Affidavit.*—*Criminal Law.*—An affidavit for a continuance on account of the absence of a witness, alleging that the applicant, who had been confined in jail for four months prior to the time of the trial, had placed in the hands of one of his attorneys the names of his witnesses, and the witness in question was not subpoenaed for the reason that the attorney was informed, as he understood, that a subpoena would be issued for said witness and sent to the sheriff of an adjoining county by another attorney does not show that due diligence was used to obtain the absent witness. *pp. 4–6.*

SAME.—*Absence of Witness.*—*Affidavit.*—*Criminal Law.*—An affidavit for a continuance because of the absence of a witness which does not show that there is any probability of procuring the testimony of the witness within a reasonable time is insufficient. *p. 6.*

CRIMINAL LAW.—*Evidence.*—*Sufficiency.*—*Appeal and Error.*—Where in the trial of one charged with larceny the evidence was of such a

character as to warrant a reasonable conclusion that defendant was connected in some manner with the larceny, the Supreme Court will not reverse a judgment of conviction on the insufficiency of the evidence. *pp. 6–9.*

From the Sullivan Circuit Court. *Affirmed.*

*John S. Bays*, for appellant.

*W. L. Taylor*, Attorney-General, *C. C. Hadley*, *Merrill Moores*, *Rowland Evans* and *C. D. Hunt*, for State.

JORDAN, J.—Appellant, together with one Frank Weaver, was charged by indictment with the larceny of two bales of hay of the value of $2, the property of James S. Leach. Upon a separate trial before a jury he was found guilty as charged, and, over his motion for a new trial, was sentenced to be imprisoned in the reformatory prison for an indefinite period within the limits of the statute defining petit larceny.

Appellant submits for our decision but two questions: (1) It is insisted by his learned counsel that the court erred in overruling his motion for a continuance; (2) that the judgment is not sustained by sufficient evidence.

The record discloses that on October 17, 1898, the day of the trial, appellant presented to the court his application for a postponement of the trial, and supported the same by his own affidavit. The cause alleged for a continuance was the absence of a material witness, and the facts which he desired to prove by this witness, and their materiality, are fully shown under the averments of the affidavit. This application the court denied.

Counsel for the State justify this ruling of the court for the reasons, as claimed, that the affidavit in support of the application for a continuance is insufficient in at least three respects: (1) That it does not appear therefrom that appellant believes the facts to be true which he alleged he could prove by the absent witness; (2) that it does not show that due diligence was exercised to obtain the evidence of the witness in question; (3) that it is not shown therein that

there is any probability of procuring the testimony of the witness within a reasonable time.

Section 1850 Burns 1894, §1781 R. S. 1881, and Horner 1897, which relates to the postponement of a trial in a criminal cause, requires, among other things, that the affidavit made in support of the motion for a continuance shall show that due diligence has been used to obtain the absent evidence, and, when the continuance is sought on account of the absence of a witness, it must be shown that there is a probability of procuring the testimony of the witness within a reasonable time; and, further, that the defendant believes the facts to be true to which the witness will testify.

There is an entire absence in the affidavit in controversy of any direct averment or affirmative showing whatever that the defendant believes the facts to be true which he alleges he can prove by the witness in question. Such averment or affirmative showing was requisite in order that the affidavit might respond to the plain requirements of the above statute.

As a general rule, a party to an action, who seeks to postpone the trial thereof, is required clearly to show that he is entitled to such delay, and, where his application is governed by a positive statute, as in this case, before he can demand a continuance, as a matter of right, he must bring himself fully within the requirements of such statute; and the court will not indulge in any inferences or presumptions in aid of the motion or application. *Hubbard* v. *State*, 7 Ind. 160; *Morris* v. *State*, 104 Ind. 457.

Appellant alleged in his affidavit that the absent witness, Henry Wilford, "resides in the southwest part of Clay county, Indiana, within a short distance of the Sullivan county line." Upon the question relating to the exercise of due diligence by the defendant to secure the absent evidence, the following facts were averred in the affidavit: "And now said affiant shows unto the honorable court that he has used due diligence to obtain the presence of said witness in this: That, on the 11th day of the present

month, said defendant, who is now, and has been for four months prior to this time, confined in the jail of Sullivan county, placed in the hands of one of his attorneys, J. R. Brown, the names of his witnesses to be used in the trial of said case as witnesses for and on his behalf, among said names being the above named witness, Henry Wilford.

"And now defendant shows unto the court that a subpoena was not issued for said witness, Henry Wilford, along [with] the subpoenas for the other witnesses, for the reason that one. of the attorneys for the defendant, J. R. Brown, was informed (so he understood) that a subpoena would be issued for said witness and sent to the sheriff of Clay county by one Lee Fenton Bays, who at said time and is now assisting in the law office of his father, John S. Bays, one of the attorneys for the defendant in this case; and having so understood said Bays that he would have said subpoena so issued for said witness, he, said Brown, did nothing further toward subpoenaing said witness.

"And now said defendant says that said Lee Fenton Bays did not so understand that Brown was relying on him to so issue said subpoena, or have the same done."

It has been repeatedly held by this court that an affidavit for the postponement of a trial of a cause must clearly and satisfactorily disclose that the applicant, under the particular circumstances, has exercised due diligence to obtain the testimony of the witness on account of whose absence he seeks to delay the trial. Personal diligence of the party himself, or his agents or attorneys, or a sufficient excuse therefor, must be shown. As a general rule, in such cases, the negligence of the applicant's agents or attorneys must be charged to him. *Deming* v. *Patterson*, 10 Ind. 251; *Ward* v. *Colyhan*, 30 Ind. 395; *Miller* v. *State*, 42 Ind. 544; *McDermott* v. *State*, 89 Ind. 187; *Burchfield* v. *State*, 82 Ind. 580.

The diligence used by appellant to secure the evidence in question, or the excuse which he offers, is based upon the

following facts:   Prior to his trial, it seems that he had been confined in jail for about four months.   On the 11th day of October, some six days before the day of the' trial, which appears to have been commenced on October 17, 1898, he shows that he gave to one of his attorneys the names of the witnesses whom he desired to have subpoenaed to testify in his behalf, among the number being the name of the absent witness.   His attorney seems to have omitted to have a subpoena issued for this witness, for the reason that he was informed, and understood, that a Mr. Bays, son of associate counsel, would attend to the matter of having the witness subpoenaed.   Mr. Bays, it appears, did not understand that he was to discharge this duty, and hence omitted to have the subpoena issued.   Certainly these facts do not constitute the diligence which the law exacts, neither do they show a sufficient excuse for the neglect to exercise the required diligence to secure the absent evidence.   The mere fact that appellant was in jail during the time it was necessary for him to prepare for his trial is not alone sufficient.   He seems to have been represented by counsel at the time he was confined in jail, and one of his attorneys undertook to discharge the duty of securing the evidence in question, but, by reason of the misunderstanding stated, failed to perform this duty.   It does not appear that appellant, after giving the names of his witnesses to his attorney, made any inquiry to ascertain if any effort had been made, upon the part of the attorney, to secure the evidence which he desired on his trial, or gave any further concern in regard to the matter, but seems to have relied wholly upon his attorney.

If the delay of a trial in a criminal cause could be secured by the defendant for the reason alone that he was confined in jail, and thereby relied upon his attorneys to make the necessary preparations for his trial, which they failed to do, it would afford a 'convenient cause in many cases for the defendant therein to secure a delay of his trial.   It is so clearly manifest that the affidavit is deficient upon the

question of diligence that we may dismiss the proposition without further consideration.

Aside from the mere averment that the absent witness is a resident of Clay county, Indiana, there is nothing in the affidavit affirmatively to show, either by a direct averment or otherwise, that there is any probability of procuring his testimony within a reasonable time in the event the trial was postponed. It is evident that the affidavit is also defective in this respect. *Ohio, etc., R. Co.* v. *Dickerson,* 59 Ind. 317; *Merrick* v. *State,* 63 Ind. 327. For the reasons stated, the affidavit in support of a continuance was insufficient, and therefore the court did not err in denying the motion.

The evidence upon which appellant was convicted is, in the main, circumstantial. The following may be said to be a summary of the principal part thereof. It appears that on November 7, 1897, appellant came to the home of his brother, Frank Weaver, in Sullivan county, Indiana. The larceny of the hay in question is shown to have been committed in said county on November 8th, the day following the arrival of the appellant at his brother's house. On the morning of November 8th, Frank Weaver borrowed a wagon from a neighbor. The latter testified upon the trial in behalf of the State, and stated that after Frank Weaver had borrowed the wagon in question he saw a team of two horses hitched to this wagon about noon of that day; that the wagon was standing in the road with the horses headed towards the west, and that he saw appellant and his brother Frank get into the wagon. The horses owned by Frank Weaver, it appears, were different in size, and when they were hitched to a wagon the smaller one was usually worked by Weaver on the "off side". The hay, which was the subject of the larceny, was stored in an old house or shed situated near the road on Mr. Leach's farm. Another witness testified that, about 3 o'clock in the afternoon of November 8th, he saw a wagon standing in front of the house or shed from which the hay was stolen. He saw one man sitting

in the wagon, and the other one was standing on the ground some six or eight feet from the hay shed. He observed the latter party get into the wagon, and then they drove away. He passed the same wagon and men in the road afterwards, and recognized the two men in the wagon to be appellant and his brother, Frank Weaver, and spoke to them. The baled hay, which was stored in the house or shed in question, was "clover and timothy mixed". Leach, the owner of the hay, testified that on November 9th, about daylight, he discovered that some of his hay had been taken from this house or shed. The door to this house had been "spread open", and half of it was hanging on the hinges and the other half on the hook. He observed that hay had been scattered around on the ground outside of the house. It had rained on November 8th, and the ground was soft; and this witness further testified that he observed the track of a wagon, which apparently had been driven up the side of the road, and had been stopped near the hay house. He noticed the track of a man leading from the wagon to the hay house or shed and then leading back to the wagon. He also saw tracks made by horses. From these tracks the witness stated that one of the horses appeared to be small and the other of a medium size. He stated that on former occasions he had missed hay, and was positive in his statements that hay had been stolen from this shed on the occasion in question. Mr. Hummell, who was in the employ of Mr. Leach, also testified that on the morning of November 9th, after the loss of the hay had been discovered, he, about 8 o'clock, at the request of Mr. Leach, followed the tracks of the wagon and horses as they had been made in the mud at the hay shed. He followed these tracks, first a quarter of a mile east, then half a mile north, and then east on the public road until they led him to the residence of Frank Weaver, brother of appellant. At the latter's house he saw out in front two bales of hay, this hay being clover and timothy mixed. This witness also testified that one distinguishing feature of the

tracks which he followed was that those made by the "off horse" were smaller than those made by the "near horse".

After appellant and his brother were jointly indicted upon the charge in question, the former was arrested in the public highway upon a warrant issued and placed in the hands of the sheriff. At the time of his arrest he attempted to make his escape by flight.

There are other facts and circumstances given in evidence, but we do not deem it necessary to set them out in this opinion as the abstract which we have given is sufficient. Appellant, as the record discloses, offered no evidence whatever to contradict or explain that given by the State, but was content, at the close of the State's evidence, to rest his case.

The evidence in this cause, to say the least, tends strongly to establish the guilt of the appellant. To recapitulate, it appears that he came to the home of his brother, Frank Weaver, the day before the larceny is said to have been committed. Frank, it appears, borrowed the wagon in question, and both he and appellant were seen together in this wagon about noon of November 8th, and also at the hay shed with the wagon about 3 o'clock of the afternoon of that day. The next morning, after the loss of the hay was discovered, wagon and horse tracks made in the soft ground were traced from the hay shed to the home of Frank Weaver, where the witness saw two bales of hay answering the kind said to have been stolen. The tracks of the horse on the "off side" appear to have responded to the size of one of the horses owned by Frank Weaver, and which, as the evidence shows, was usually driven by him on the "off side."

The evidence was of such a character or nature, in the absence of any contradiction or explanation thereof, as to warrant a reasonable and just conclusion that appellant was connected in some manner with the larceny in question. It was sufficient to satisfy the jury, and the honorable and conscientious judge who presided at the trial, of appellant's

guilt. It can not be asserted that there is a failure of evidence upon any material point and, hence, we would not be justified in disturbing the judgment upon the ground that the evidence is not sufficient. Finding no error of law, the judgment is therefore affirmed.