Clayton NUNN, Jr., Appellant,

v.

STATE of Indiana, Appellee.

No. 182S11.

Supreme Court of Indiana.

July 1, 1983.

Susan K. Carpenter, Public Defender, David P. Freund, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Palmer K. Ward, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

Defendant-Appellant Clayton Nunn, Jr., was found guilty by a jury in the Hamilton Superior Court of class A felony rape, class A felony criminal deviate conduct and class B felony criminal confinement. The trial judge subsequently sentenced Nunn to prison terms of fifty years for rape, fifty years for criminal deviate conduct and twenty years for confinement. Said sentences were ordered to be served concurrently. Appellant now directly appeals and raises the following four issues:

1. whether the verdicts were supported by sufficient evidence;

2. whether the trial court erred by sustaining the State's objection to a question propounded by Appellant during his direct examination of a witness;

3. whether there were irregularities in the jury selection process; and

4. whether the trial judge improperly sentenced Appellant.

S.N. testified that Appellant and Earl Carter offered her a ride to find her husband. After getting into their automobile, Appellant and Carter took S.N. to a secluded place where they raped her and forced her to perform oral sex on them. Appellant and Carter threatened S.N. with a knife and a broken beer bottle. They then took her to a motel where they took pictures of her having intercourse and acts of deviate sexual conduct with them. Nunn and Carter finally left S.N. several miles from her home.

I

Appellant does not deny any of his sexual acts with S.N. Instead, he claims that he acted with S.N.'s consent and specifically denies having coerced S.N. through threats of death or disfigurement. Appellant's argument is that any reasonable person reviewing S.N.'s testimony would conclude that her testimony was inherently incredible, highly improbable and against human experience. Appellant concedes our standard of review in sufficiency matters but nonetheless feels that we should reverse his convictions for the above stated reason.

Upon reviewing a claim of insufficient evidence, this Court will consider only the evidence most favorable to the State with all reasonable inferences. If the existence of each element of the crime charged can be found therefrom beyond a reasonable doubt, the verdict will not be disturbed. In such a review, we will not weigh conflicting evidence nor will we judge the credibility of the witnesses. *Turpin v. State,* (1982) Ind., 435 N.E.2d 1; *Neice v. State,* (1981) Ind., 421 N.E.2d 1109, *reh. denied.* The record

here shows that S.N. was on the witness stand between six and seven hours. During that time, there was conducted a lengthy direct examination and cross-examination of S.N. and of her statement of the facts. The facts adduced during said examinations more than adequately established a probative basis for the jury's verdict. S.N.'s credibility was before the jury and they chose to believe her. We find no error on this issue.

## II

■ State Trooper Conley was called by Appellant as a witness. During Appellant's direct examination of him, the State objected to a certain question and the trial judge sustained the objection. Appellant now complains that it was error for the trial court to sustain the State's objection. In his Motion to Correct Errors, Appellant alleged:

"10. That the Court erred by sustaining the State's objection to defense counsel's questioning of witness Daniel W. Conley concerning his, Mr. Conley's, reaction upon learning that the prosecuting party, [S.N.], had had sexual intercourse with her husband before going to the hospital for examination, thereby denying defendant his right to present evidence in his own behalf."

Ind.R.Tr.P. 59(D)(2) dictates in part:

"*Each claimed error shall be stated in specific rather than general terms,* and shall be accompanied by a statement of the facts and grounds upon which the errors are based." (emphasis added).

We now find that Appellant failed to comply with Ind.R.Tr.P. 59(D)(2) in that his Motion to Correct Errors did not set out the contested question and related objection and did not adequately specify any alleged legal error which resulted in some prejudicial harm. Furthermore, Appellant made no offer to prove when the trial court sustained the State's objection to said question. Appellant accordingly waived this issue and we will not consider it. *Stath v. Williams,* (1977) 174 Ind.App. 369, 367 N.E.2d 1120; *Loeser v. Loeser,* (1974) 160 Ind.App. 236, 311 N.E.2d 636, *cert. denied,* (1975) 419 U.S. 1122, 95 S.Ct. 806, 42 L.Ed.2d 822; *Bennett v. State,* (1973) 159 Ind.App. 59, 304 N.E.2d 827; *State v. Hladik,* (1973) 158 Ind.App. 223, 302 N.E.2d 544.

## III

■ Appellant next claims that the process by which the instant jury was selected was improper. He specifically claims that the verdicts rendered in this case resulted from the conscious racial bias of one or more jurors who failed to reveal said bias during *voir dire.* During *voir dire,* Appellant's trial counsel interrogated the prospective jurors about their possible racial biases and did not challenge the prospective juror array. Moreover, Appellant did not seek a change of venue and did not exhaust all of his peremptory challenges. The jurors who were finally accepted and seated denied any racial bias or other prejudice. Appellant now does not identify any juror who covertly failed to reveal his or her prejudice before deciding this case. Appellant also does not allege how Ind.Code § 33–4–5–2 (Burns 1975) was not complied with or how any potential jurors were improperly excluded for racial reasons. Appellant's claim therefore amounts to a generalization that the jurors in this case were selected from a county composed of white people prejudiced against black people and unable to fairly consider the case of a black man charged with raping a white woman. Accordingly, we find that Appellant has failed to carry the burden of demonstrating prejudicial discrimination as required by our cases. *Adams v. State,* (1982) Ind., 431 N.E.2d 820; *Bond v. State,* (1980) Ind., 403 N.E.2d 812, *reh. denied; Burr v. State,* (1980) Ind., 403 N.E.2d 343; *Holt v. State,* (1977) 266 Ind. 586, 365 N.E.2d 1209.

## IV

■ Finally, Appellant argues that the trial court erred by imposing maximum sentences for each of his three convictions. Appellant specifically claims that the trial court erred by imposing maximum sentences without giving sufficient written

findings as to the existence of aggravating circumstances which legally permit the imposition of maximum sentences. Appellant further claims that the sentences were not proportionate to the nature of the offenses alleged and were not reasonable in light of the circumstances of the allegations and proof shown by the State. We find, however, that the trial judge did follow Ind. Code § 35–4.1–4–7 [§ 35–50 1A–7 (Burns 1979)], in that the trial judge's written order detailed proper reasons for imposing the sentences he did. The trial judge found the following four aggravating circumstances: Appellant was on probation at the time of the instant offenses; Appellant had a prior history of criminal activity; Appellant was in need of correctional/rehabilitative treatment best provided by his commitment to a penal facility; and, the imposition of a reduced or suspended sentence or probation would deprecate the seriousness of the instant crimes. The trial judge also indicated that he had considered the seriousness of these offenses and their effect on the victim. Accordingly, we find the trial court's findings and reasons adequate pursuant to our case law. *Spinks v. State,* (1982) Ind., 437 N.E.2d 963; *Page v. State,* (1981) Ind., 424 N.E.2d 1021; *Gardner v. State,* (1979) 270 Ind. 627, 388 N.E.2d 513. We further find that under the facts and circumstances of this case, the sentences imposed were not manifestly unreasonable and therefore do not require our intervention. See Ind.R.App.Rev.Sen. 2(1).

The trial court is in all things affirmed.

GIVAN, C.J., and HUNTER and PRENTICE, JJ., concur.

DeBRULER, J., concurs in result.