**Ronald Lee HENSLEY, Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

No. 1084S382.

Supreme Court of Indiana.

Oct. 3, 1986.

Susan K. Carpenter, Public Defender, David P. Freund, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., John D. Shuman, Deputy Atty. Gen., Indianapolis, for appellee.

DICKSON, Justice.

Following his conviction of murder, defendant Ronald Lee Hensley was sentenced to forty (40) years imprisonment. Restated, the issues raised in this direct appeal are:

1. refusal of certain tendered instructions;
2. denial of a motion for mistrial; and,
3. reasonableness of sentence.

## ISSUE I

Defendant contends that the trial court erred in the refusal of various tendered instructions. The State correctly asserts that any claim of error was waived because the proposed instructions were not signed pursuant to Ind.Code § 35–37–2–2(6). *Harding v. State* (1984), Ind., 457 N.E.2d 1098; *Askew v. State* (1982), Ind., 439 N.E.2d 1350.

The defendant's argument that the statute is in conflict with Criminal Rule 8(D) was addressed in *Hopper v. State* (1985), Ind., 475 N.E.2d 20, 23:

> The rule and the statute are not in conflict. To be in compliance with the statute does not require one to violate the rule. While the demands of the statute are more specific than the rule, the statute merely codifies what has been the accepted and required practices under the rule.

We note that legislative revision occurring after the defendant's trial replaced the provision requiring the instructions to be signed with a new provision which now requires that the instructions be accompanied by an affixed cover sheet that is signed by the party or his attorney.[1] In the instant case, the record fails to contain any cover sheet. It is therefore unnecessary for us to determine whether the statute should be given retroactive application.

## ISSUE II

Defendant next contends that the trial court committed reversible error in

---

1. Ind.Code § 35–37–2–2(6), as amended by Acts 1985, P.L. 315, § 1.

denying the defendant's motion for mistrial. Defendant does not indicate, nor do we find, any motion for mistrial contained in the record. At trial, defense counsel merely stated:

> You know, to be very blunt, we are close to moving for a mistrial.

While the court concluded the bench conference by stating "I will deny the mistrial at this time," no motion for mistrial was actually made. We find no error under these circumstances.

## ISSUE III

■ Defendant finally contends that the trial court erred in failing to find mitigating circumstances and that the sentence imposed is manifestly unreasonable. The presumptive sentence for murder pursuant to Ind.Code § 35–50–2–3 is a fixed term of forty (40) years to which twenty (20) years can be added for aggravating circumstances or ten (10) years subtracted for mitigating circumstances. The trial court found neither and imposed the presumptive sentence. A statement of reasons is generally not required when the presumptive sentence is given. *Hammons v. State* (1986), Ind., 493 N.E.2d 1250.

Defendant complains of the trial court's failure to find the existence of several mitigating circumstances including defendant's "productive and law abiding life for nearly all of his forty-two years," military service in Vietnam, and success in overcoming a physical disability.

An analogous question was decided in *Jones v. State* (1984), Ind., 467 N.E.2d 681, wherein the trial judge failed to find mitigating circumstances despite a pre-sentence report of the Indiana Department of Correction recommending minimum sentence and other evidence reflecting favorably upon the defendant's family background. In *Jones*, we explained:

> The question is not whether any of us or all of us would ultimately agree with the trial judge's appraisal of the report. The question is whether the trial judge duly considered this and other matters before

him and made a reasonable determination as to the sentence to be imposed. 467 N.E.2d at 684. This analysis applies similarly to the instant case.

■ It is true that a failure to find significant mitigating and aggravating factors when clearly supported by the record may reasonably give rise to a belief that they were overlooked, hence not properly considered, *Page v. State* (1981), Ind., 424 N.E.2d 1021; *on remand* (1982), Ind., 442 N.E.2d 977, *rehearing denied* (1983). However, the record here demonstrates that the trial court did not overlook, but rather considered the alleged mitigating factors. During sentencing, the trial court made the following statement:

> COURT: Very well. The Court, now coming to pass sentence, finds that the mitigating circumstances urged by defense counsel are more in the nature of argument than factual situation that would merit any mitigation here.

■ We also reject defendant's contention of manifest unreasonableness. A sentence is not manifestly unreasonable unless no reasonable person could find such sentence appropriate to the particular offense and offender for which such sentence was imposed. App.Rev.Sent.R. 2. Such finding of manifest unreasonableness does not arise from the facts of this case.

Judgment is affirmed.

GIVAN, C.J., and DeBRULER, PIVARNIK and SHEPARD, JJ., concur.