Donald C. COLLINS, Appellant
(Defendant Below),

v.

STATE of Indiana, Appellee
(Plaintiff Below).

No. 785S265.

Supreme Court of Indiana.

July 1, 1987.

Robert H. Little, Brookston, for appellant.

Linley E. Pearson, Atty. Gen., and Jody Cusson-Cobb, Deputy Atty. Gen., Indianapolis, for appellee.

DICKSON, Justice.

Appellant-defendant Donald C. Collins was convicted of theft, a class D felony, and was found to be a habitual offender. His direct appeal raises the following issues: 1) confession admissibility; 2) limitation upon examination of witness; 3) sufficiency of evidence; 4) refusal of tendered instruction; 5) prosecutorial misconduct; 6) reasonableness of sentence; 7) legality of prior felony conviction as basis of habitual offender finding; and, 8) sentencing on habitual offender status as separate offense.

### Issue 1

Defendant first contends that his statements to police should have been excluded from evidence because they resulted from an alleged illegal detention, lacked voluntariness, and were made in the absence of a proper waiver of rights. The core of defendant's argument derives from police testimony denying that defendant was placed under arrest when he was handcuffed and taken to the jail for questioning. While the officer may have earnestly, though incorrectly, believed that he was not making an arrest, there is sufficient evidence that the detention was supported by probable cause.

Arrest without a warrant is permissible if, at the time of the arrest, the

arresting officer had probable cause to believe the defendant had committed a felony. *Craig v. State* (1983), Ind., 452 N.E.2d 921, 923. Probable cause exists when, at the time of arrest, the arresting officer has knowledge of facts and circumstances which would warrant a man of reasonable caution to believe that the defendant committed the criminal act in question. *Green v. State* (1984), Ind., 461 N.E.2d 108, 112; *Craig v. State, supra; Funk v. State* (1981), Ind., 427 N.E.2d 1081; *reh. denied* (1982). Here the police were informed by the victim of the theft, they were given descriptions and names of the perpetrators, and the officer had seen defendant and two of the others described in the car reportedly stolen and returned. The police had probable cause to justify detaining defendant.

Defendant next contends, in the alternative, that even if the initial detention was not unlawful, the resulting confession was not shown to be voluntary because of the delay between the time of his detention and that of the statement, and the ensuing delay following the statement before his first court appearance. Defendant further argues that his statement resulted from an improper inducement, rendering it inadmissible.

▪ It is well settled that the question of the admissibility of a statement or confession is controlled by determining from the totality of circumstances whether or not the confession was given voluntarily and not through inducement, violence, threats or other improper influences so as to overcome the free will of the accused. *Massey v. State* (1985), Ind., 473 N.E.2d 146, 147. Before a confession may be admitted into evidence the State must establish beyond a reasonable doubt that the suspect intelligently and knowingly waived his rights not to incriminate himself and to have an attorney present. *Richardson v. State* (1985), Ind., 476 N.E.2d 497, 499; *Massey v. State, supra.* The question of voluntariness is one for the trial court. We review the question on appeal as we do other sufficiency matters. We do not weigh the evidence, but rather determine whether there

was substantial evidence of probative value to support the trial court's finding. *Id.*

▪ It is true that a confession is inadmissible if obtained by a promise of immunity or mitigation of punishment. *Massey v. State, supra; Ashby v. State* (1976), 265 Ind. 316, 354 N.E.2d 192. However, vague and indefinite statements by the police about it being in the best interest of the defendant for him to tell the real story or cooperate with the police are not sufficient inducements to render a subsequent confession inadmissible. *Massey v. State, supra; Gary v. State* (1984), Ind., 471 N.E.2d 695. Implied promises are too indefinite to render a confession involuntary. *Gary v. State, supra.* Where a promise of leniency results from a specific request by the defendant, as a pre-condition for making a statement, rather than being initiated by the State, its voluntariness is not impaired thereby. *Drew v. State* (1987), Ind., 503 N.E.2d 613.

▪ The defendant was arrested approximately 6:00 a.m. on a Monday, and he gave an inculpatory statement at 2:20 p.m. that same day. In the present case, defendant requested to speak with the prosecutor in order to make a deal. Defendant offered to give a statement and provide information and evidence on someone else in exchange for his release. The officer testified that he talked to the prosecutor about defendant's request. The prosecutor then appeared and took defendant's statement. At the beginning of the statement, defendant was read his rights, which he acknowledged he understood. Defendant then proceeded to answer each of the questions including several about various criminal activities involving other individuals. The officer testified that no promises were made to the defendant at any time. The record further reveals that the prosecutor told the defendant that he would have to sort things out and let defendant know if defendant would be released. Delay, standing alone, is not determinative upon the question of voluntariness. *Pawloski v. State* (1978), 269 Ind. 350, 380 N.E.2d 1230.

▪ From our review of the totality of circumstances shown by the record, we

find substantial evidence of probative value that defendant's inculpatory statement was given voluntarily, and not impaired by delay or improper inducements. Moreover, defendant's express acknowledgement of his rights, and dialogue with the police and prosecutor, demonstrates defendant's willingness to answer questions following an intelligent understanding of his rights. We find no error on this issue.

### Issue 2

■ Defendant claims he was deprived of the right to fully question his witness on direct examination as regard a threat made to her by a state witness. He contends this prevented him from establishing the extent of the State's witness' bias, motive or interest which related directly to the credibility of the State witness. The trial court allowed defendant to elicit the testimony that his witness had been threatened, but sustained the State's hearsay objection when defendant asked the witness about the substance of the threat. Defendant did not make an offer of proof.

It is well settled law that evidence is admissible which shows bias, prejudice, or antagonism on the part of a witness toward the defendant. *Tinnin v. State* (1981), 275 Ind. 203, 416 N.E.2d 116, 120. However, the failure to make an offer of proof deprived the trial court of sufficient information upon which to decide whether the testimony should be admitted, and thus fails to preserve the issue for review. *Nunn v. State* (1983), Ind., 450 N.E.2d 495.

### Issue 3

■ Defendant next contends that the evidence was insufficient to support the conviction. He argues that the State's witnesses were "generally inherently incredible," and that there was insufficient proof of intent to permanently deprive.

In addressing the issue of sufficiency of evidence, we will affirm the conviction if, considering only the probative evidence and reasonable inferences supporting the verdict, without weighing evidence or assessing witness credibility, a reasonable trier of fact could find each element of the charged crime proven beyond a reasonable doubt. *Case v. State* (1984), Ind., 458 N.E.2d 223; *Loyd v. State* (1980), 272 Ind. 404, 407, 398 N.E.2d 1260, 1264, *cert. denied,* 449 U.S. 881, 101 S.Ct. 231, 66 L.Ed.2d 105.

The verdict is supported by the following facts shown by the evidence. During the late evening of September 9, and the early morning of September 10, 1984, the victim, the defendant, and several companions left a local tavern and went to the victim's home where they continued drinking, ate food, and smoked marijuana. The victim then either passed out or was drugged, during which time the defendant and his companions ransacked the victim's bedroom doors and removed various items of jewelry, money, guns, fishing poles, a clock, and the victim's car keys. Shortly thereafter, before the theft had been reported, police observed the defendant as one of the occupants of the victim's vehicle, which was later returned to the victim's home. When interrogated by the police, defendant admitted that he knew the victim's guns were being stolen and agreed to help carry them from the car to the residence of one of his companions.

Defendant cites inconsistencies and matters relating to potential lack of credibility and bias on the part of the State's witnesses. These are matters more appropriate for jury evaluation than appellate review.

We find that the jury could have reasonably found each element of the offense of theft beyond a reasonable doubt.

### Issue 4

■ Defendant next argues that the trial court erred in refusing to give his tendered instruction on the lessor included offense of conversion.

The State correctly argues that defendant has waived the issue by failure to comply with the Appellate Rule 8.3(A)(7), by including a verbatim copy of the refused instruction and the verbatim objections thereto, if any, in the argument section of the brief. *McCarty v. State* (1986), Ind., 496 N.E.2d 379. Further, the record does not contain the tendered instruction at all,

presenting nothing for review by this Court.

## Issue 5

▮ Defendant contends that a new trial is required due to prosecutorial misconduct. He argues that because the prosecutor had previously been the victim of an alleged offense for which the defendant was tried and acquitted, the prosecutor should have withdrawn and requested the appointment of a special prosecutor. To further support his allegations of prosecutorial vindictiveness, defendant cites the prosecutor's attempts to amend the charges or file additional charges six days before trial. Defendant fails to provide supporting authority for his contention that such conduct constitutes prosecutorial misconduct. Moreover, the occurrence of prosecutorial misconduct does not generally warrant a reversal unless, considering all the circumstances, the misconduct placed the defendant in a position of "grave peril" or evidences a deliberate attempt to improperly prejudice the defendant. *Maldonado v. State* (1976), 265 Ind. 492, 355 N.E.2d 843. We find that the actions of the prosecutor, of which the defendant complains, did not place the defendant in grave peril nor represent an attempt to improperly prejudice the defendant.

▮ Defendant's brief also make the unsupported contention suggesting that it was improper for the prosecutor to serve in the case because of his personal role in taking the defendant's statement, thus making it "difficult for defendant to call [prosecutor] as a witness concerning the voluntariness of the statement." However, it does not appear that defendant manifested any intent to call the prosecutor as a defense witness, nor was any timely objection made raising the issue whether the prosecutor should withdraw, pursuant to Disciplinary Rules 5.101 or 5.102 of the Code of Professional Responsibility, because of the anticipated need for his testimony. Therefore, no issue is presented on this point.

Similarly, defendant's additional contention that the prosecutor made improper comments during final argument fails to present any issue for determination because of the failure to make timely objections at trial. *Abercrombie v. State* (1985), Ind., 478 N.E.2d 1236.

## Issue 6

Defendant contends that the imposed sentence was excessive and that the trial court erroneously disregarded mitigating factors. The sentencing statement expressly found "no factors in mitigation."

In *Hammons v. State* (1986), Ind., 493 N.E.2d 1250, 1254, this Court recently stated:

> When a defendant argues mitigating circumstances to a trial court, the sentencing judge is not obligated to explain why he has chosen not to make a finding of mitigation. This is particularly true when an examination of the underlying record shows the highly disputable nature of the mitigating factors. Moreover, the trial court is not obligated to credit or weigh the defendant's evidence of mitigating circumstances the same way the defendant does.

▮ Defendant cites the following as mitigating factors: a) the lack of actual or threatened harm to the victim; b) the victim's role in the offense; c) the defendant's limited participation in the offense; d) defendant's lack of financial gain from the offense; and, e) the resulting hardship upon defendant's family.

In view of the trial court's express finding of no factors in mitigation, and the nature of the alleged mitigating factors asserted, we do not find error in the trial court's rejection of defendant's argument regarding mitigating circumstances. We also reject defendant's contention that the imposed sentence was excessive, pursuant to App.Rev.Set. Rule 2. *Hensley v. State* (1986), Ind., 497 N.E.2d 1067.

## Issue 7

The habitual offender finding was predicated in part upon defendant's prior conviction, following a guilty plea, for voluntary

manslaughter. In that case, defendant was sentenced in accordance with the plea agreement which provided credit for time served and suspended the remaining time. Defendant now contends that because the suspension was illegal, said conviction should be set aside, and he should be allowed to withdraw his guilty plea.

 This contention fails for two reasons. First, in Indiana the general rule is that the alleged invalidity of predicate felony convictions may not be challenged during habitual offender proceedings when the prior final judgments are constitutionally firm on their face. *Lucas v. State* (1986), Ind., 499 N.E.2d 1090; *Edwards v. State* (1985), Ind., 479 N.E.2d 541; *Jones v. State* (1981), Ind., 425 N.E.2d 82. Second, even if subject to collateral attack, a defendant may not enter a plea agreement calling for an illegal sentence, benefit from that sentence, and then later complain that it was an illegal sentence. *Cf., Twyman v. State* (1984), Ind., 459 N.E.2d 705, 711. (Defendant, having previously benefited from plea bargain based on age misrepresentation, held estopped in a later habitual offender proceeding from then alleging juvenile status to attack prior conviction.) There is no error in this issue.

### Issue 8

Defendant finally contends that the court erred in sentencing defendant "to an additional fixed term of thirty (30) years, pursuant to the finding of the jury that the Defendant is an habitual offender ..." imposed for the primary offense. Ind. Code § 35–50–2–8 provides that the sentence imposed upon a finding of habitual offender shall enhance the sentence for the underlying conviction rather than impose a separate penalty. Accordingly, this cause is remanded to the White Superior Court for correction of the sentencing error. *See, Dullen v. State* (1986), Ind., 496 N.E.2d 381.

### Conclusion

The conviction for theft is affirmed, and this cause is remanded for correction of the sentencing order in accordance with our discussion in Issue 8, *supra*.

SHEPARD, C.J., and DeBRULER, GIVAN and PIVARNIK, JJ., concur.