**Clarence C. STOUT, Appellant
(Defendant Below),**

v.

**STATE of Indiana, Appellee
(Plaintiff Below).**

No. 48S00–8603–CR–250.

Supreme Court of Indiana.

Sept. 22, 1988.

William Byer, Jr., Byer & Gaus, Anderson, for appellant.

Linley E. Pearson, Atty. Gen., Jody Cusson–Cobb, Deputy Atty. Gen., Indianapolis, for appellee.

DICKSON, Justice.

Defendant Clarence C. Stout was sentenced following jury trial to fifty (50) years for child molesting, a class A felony. His issues on appeal relate to the following:

1.  motion for continuance;

2. expert testimony regarding credibility;

3. admissibility of certain testimony regarding sanity;

4. refusal of tendered instruction;

5. removal from list of court-appointed psychiatrists;

6. reasonableness of sentence; and

7. sufficiency of evidence of intent.

### 1. Motion For Continuance

Defendant first contends that the trial court erroneously denied his motion to continue the trial to allow him to obtain military records allegedly relevant to the issue of sanity. The charging information was filed on December 19, 1984, and trial was set for May 7, 1985. On April 17, 1985, defendant filed a motion for continuance, which was granted, and trial was reset for September 9, 1985. On September 4, 1985, defendant filed a further motion for continuance to secure defendant's entire military service record as additional evidence.

■ Defendant argues that because his motion for continuance complied with the requirements of Ind.Code § 35–36–7–1, the trial court lacked discretion to deny the motion. We disagree. The statute prescribes the necessary elements of a defendant's motion to postpone trial, but it does not compel the granting of motions made in compliance therewith.

Defendant cites no authority directly holding that a trial court is without discretion and must grant motions for continuance which comply with the statutory requirements. However, he correctly notes that various cases contain language expressly recognizing trial court discretion when a motion for continuance is "based on non-statutory grounds." See Bryan v. State (1982), Ind., 438 N.E.2d 709, 714, cert. denied (1987), — U.S. —, 108 S.Ct. 190, 98 L.Ed.2d 142; Rhinehardt v. State (1985), Ind., 477 N.E.2d 89, 92; Anderson v. State (1984), Ind., 466 N.E.2d 27, 32. The language employed in such cases can be read to imply that the trial court is

without discretion to deny motions for continuance that comply with the statutory requirements, but the plain language of the statute does not lead to such a conclusion.

While cases implementing former statutes regarding continuances have recognized the right to a continuance upon full statutory compliance,[1] the availability of continuances is now controlled by Trial Rule 53.5:

Upon motion, trial may be postponed or continued in the discretion of the court, and shall be allowed upon a showing of good cause established by affidavit or other evidence. The court may award such costs as will reimburse the other parties for their actual expenses incurred from the delay. A motion to postpone the trial on account of the absence of evidence can be made only upon affidavit, showing the materiality of the evidence expected to be obtained, and that due diligence has been used to obtain it; and where the evidence may be; and if it is for an absent witness, the affidavit must show the name and residence of the witness, if known, and the probability of procuring the testimony within a reasonable time, and that his absence has not been procured by the act or connivance of the party, nor by others at his request, nor with his knowledge and consent, and what facts he believes to be true, and that he is unable to prove such facts by any other witness whose testimony can be as readily procured. If, thereupon, the adverse party will consent that, on the trial, the facts shall be taken as true if the absent evidence is written or documentary, and, in case of a witness, that he will testify to said facts as true, the trial shall not be postponed for that cause, and in such case, the party against whom such evidence is used, shall have the right to impeach such absent witness,. as in the case where the witness is present, or his deposition is used.

The rule clearly provides that beyond the prerequisite formalities and content, the de-

---

1. See, e.g., Torphy v. State (1919), 188 Ind. 30, 121 N.E. 659; Weaver v. State (1899), 154 Ind. 1, 55 N.E. 858; and Pettit v. State (1893), 135 Ind. 393, 34 N.E. 1118.

cision to grant a continuance rests in the sound discretion of the trial court. Defendant's motion for continuance was supported by affidavit and contained averments relating to the materiality of evidence expected to be obtained and facts defendant contends demonstrated due diligence.

The trial court, however, was not bound to construe the asserted facts as constituting good cause nor the conduct of the defense as demonstrating due diligence. The trial court was entitled to consider the nine months that had elapsed since the defendant's arrest and the five months elapsed since counsel filed defendant's notice regarding the defense of mental disease or defect, in determining whether defendant should be given even further time to seek his military records. Particularly considering the defendant's failure to specify the further steps to be taken and to identify the precise additional time required to obtain the additional evidence, we find no abuse of discretion in the trial court's decision to deny the continuance motion.

### 2. Expert Testimony Regarding Credibility

■ Defendant contends that the testimony of the victim's psychiatric social worker regarding the victim's counselling experiences and demeanor in the courtroom while testifying was improperly admitted, usurping the jury's function in finding facts and assessing weight and credibility. At trial the victim factually recounted the events that occurred, and her therapist subsequently testified that there was nothing unusual in the victim's rather factual and unemotional rendition and that the victim just wanted to hurry up, tell her story, and not have to deal with it anymore.

In *Lawrence v. State* (1984), Ind., 464 N.E.2d 923, 925, we recognized the special problem of accrediting child witnesses who are called upon to describe sexual conduct:

> Whenever an alleged child victim takes the witness stand in such cases, the child's capacity to accurately describe a meeting with an adult which may involve touching, sexual stimulation, displays of affection and the like, is automatically in issue, whether or not there is an effort by the opponent of such witness to impeach on the basis of a lack of such capacity. The presence of that issue justifies the court in permitting some accrediting of the child witness in the form of opinions from parents, teachers, and others having adequate experience with the child, that the child is not prone to exaggerate or fantasize about sexual matters. Such opinions will facilitate an original credibility assessment of the child by the trier of fact, so long as they do not take the direct form of "I believe the child's story", or "In my opinion the child is telling the truth."

Similarly, we recently observed in *Head v. State* (1988), Ind., 519 N.E.2d 151, 153:

> Although it is entirely proper for the expert witness to state her opinion as to the general competence of the child witness and the child witness's ability to understand the subject, it was entirely improper for that same witness to review each item of the child's testimony and to specifically vouch for the truthfulness of such testimony. Such testimony was an invasion of the province of the jury in determining what weight they would place upon the child's testimony.

In the present case, the child victim was under twelve years of age at the time of trial. The psychiatric social worker testified that she had met with the victim on 24 separate occasions for counselling during the prior eight months. The challenged testimony of the social worker witness in this case was not in the nature of that prohibited by *Lawrence* or *Head*. It was properly admitted here.

### 3. Admissibility of Certain Testimony Regarding Sanity

■ In his third enumerated issue, defendant claims reversible error resulted from the trial court's exclusion of certain testimony that he sought to present on the issue of sanity. In this regard, he contends that the trial court erroneously sustained the State's objections to the following questions asked by the defense of defendant's treating therapist:

With regard to your background and your own personal experience, can you relate whether there was any incidences of children being acceptable as sexual partners in Viet Nam?

[W]ith regard to your interview with him, what is it that makes you think that he was exposed to items beyond normal experience in combat?

Defendant argues that these questions were relevant to his defense of post-traumatic stress disorder and that the exclusion of the testimony precluded him from "posing a proper statutory defense of insanity to the jury."

The trial court permitted defendant's therapist expert to provide substantial testimony regarding post-traumatic stress disorder, particularly as related to Viet Nam veterans; regarding his evaluation of the defendant; and regarding his opinion that the defendant was suffering from post-traumatic stress disorder. Defendant did not make an offer of proof to demonstrate that the excluded testimony would have been relevant and material. The failure to make such an offer deprives the trial court of sufficient information upon which to decide whether the testimony should be admitted and thus fails to preserve the issue for review. *Collins v. State* (1987), Ind., 509 N.E.2d 827; *Nunn v. State* (1983), Ind., 450 N.E.2d 495.

Defendant further asserts that the trial court erred in excluding various testimony of lay witnesses regarding comments and reactions by the defendant. Defendant specifically asserts that his mother was precluded from testifying regarding the tenor of defendant's letters and her opinion of "his attitude toward the military while he was active" and that his former wife was not permitted to testify as to the "tenor of nightmares and specific trauma she observed the defendant experience." On appeal, defendant argues that such testimony was "relevant to the conduct of defendant and admissible for the purpose of the insanity defense." Upon review of the record, we find that as to defendant's attitude toward the service, the witness answered and her answer was not stricken,

and to the extent it may have been cut off by the interposed objection, no offer of proof was made to establish the nature of further testimony. Likewise there was no offer to prove with respect to the question relating to the tenor of the letters. Contrary to defendant's argument, his former wife was permitted to testify regarding defendant's feelings about leaving his family, general tenor and demeanor as expressed in letters she received while he was in Viet Nam, observed changes in personality and temperament, occurrences and general content of nightmares, and her general view of defendant's mental state. Viewing the trial court's rulings on this issue within the totality of the evidence, we are not persuaded that the trial court rulings affected the substantial rights of the defendant or were inconsistent with substantial justice so as to require reversal. Trial Rule 61, Indiana Rules of Procedure.

### 4. *Refusal of Tendered Instruction*

■ Defendant next contends that the trial court erred in refusing a proposed instruction defining the sentencing procedure upon a finding of guilty but mentally ill. Defendant agrees that a jury generally need not be informed of penalties when it does not engage in a sentencing function. Defendant argues, however, that the prosecutor's closing arguments misinformed the jury of the penalties and sentencing procedures, requiring the tendered instruction for curative purposes. Defendant emphasizes *Dipert v. State* (1972), 259 Ind. 260, 262, 286 N.E.2d 405, 407:

Normally, a defendant, interposing a defense of not guilty by reason of temporary insanity, is not entitled to an instruction as to what post-trial procedures are available to determine whether he should be released or subjected to confinement in a mental institution. At the same time, however, a defendant, through an appropriate channel, such as a curative instruction or statement by the judge, will be entitled to inform the jury of such procedures where an erroneous view of the law on this subject has been planted in their minds. [Citations omitted]

Where the record does not establish that the jury was presented with an incorrect statement regarding post-trial procedures, a trial court does not abuse its discretion by refusing to so inform the jury. *Montague v. State* (1977), 266 Ind. 51, 360 N.E. 2d 181; *Stader v. State* (1983), Ind.App., 453 N.E.2d 1032, 1036.

To support his argument, defendant directs our attention to the prosecutor's remarks during final argument that defendant was careful to deny facts that would elevate the offense from a class C to a class A felony, that defendant was trying to "work the system" and "beat the system," and that a finding of mental illness or insanity would impair the State's ability to prosecute child molesters and make it impossible "to guarantee that defendant would not re-offend."

We find that the prosecutor's argument was not such as to convey to the jurors any improper information regarding the penalties or post-trial procedures. No curative instruction was required. There is no error on this issue.

### 5. Removal from List of Court–Appointed Psychiatrists

■ Defendant contends the trial court erred when it sustained the State's motion to strike Dr. Marc Weinbaum from the list of court-appointed psychiatrists. After defendant filed notice of mental defect as a defense, the trial court appointed three psychiatrists pursuant to Ind.Code § 35–36–2–2, which requires each of the psychiatrists be disinterested. Dr. Weinbaum was named as one of the three psychiatrists. Despite the State's prompt motion to strike Dr. Weinbaum when it was discovered that the doctor had been privately retained by defendant prior to the court appointment, the trial court did not act upon the motion until after defense counsel had referred to three court-appointed psychiatrists during voir dire and in opening statements. Defendant contends that the trial court erred in failing to call Dr. Weinbaum as one of its previously appointed psychiatrists and in failing to refer to him as a disinterested court-appointed psychiatrist. Defendant called the doctor as a witness, then proceeded to question him about his prior court appointment.

We are unpersuaded by the defendant's arguments. Dr. Weinbaum was not a disinterested psychiatrist as required by the statute. The trial court did not err in failing to call the doctor to testify as a court-appointed psychiatrist. While it would have been better practice to have acted promptly upon the State's motion to strike, we do not find any substantial resulting prejudice to defendant.

### 6. Reasonableness of Sentence

■ Defendant contends that his sentence of fifty years is excessive and that the trial court failed to consider mitigating factors. In *Collins v. State*, 509 N.E.2d at 832, we reiterated the following standard from *Hammons v. State* (1986), Ind., 493 N.E.2d 1250, 1254:

When a defendant argues mitigating circumstances to a trial court, the sentencing judge is not obligated to explain why he has chosen not to make a finding of mitigation. This is particularly true when an examination of the underlying record shows the highly disputable nature of the mitigating factors. Moreover, the trial court is not obligated to credit or weigh the defendant's evidence of mitigating circumstances the same way the defendant does.

There is no duty on the trial court to make an affirmative finding expressly negating potentially mitigating circumstances. *Stark v. State* (1986), Ind., 489 N.E.2d 43.

■ Defendant argues that the trial court failed to consider and favorably weigh psychiatric testimony as a mitigating factor. However, we note that the trial court's findings expressly state that "the court does not find any mitigating circumstances." In view of the conflicting nature of the evidence presented, we will not disturb this finding. We also reject defendant's contention that the imposed sentence was excessive as manifestly unreasonable under the facts of this case. App.Rev.

Sent.Rule 2; *Hensley v. State* (1986), Ind., 497 N.E.2d 1067.

### 7. Sufficiency of Evidence of Intent

In his final contention, defendant asserts that the evidence of intent to gratify his sexual desires was insufficient to support the conviction.

The statutory definition of the offense requires that the proscribed act be done "with intent to arouse or satisfy the sexual desires of either the child or the older person." Ind.Code § 35–42–4–3(b). Defendant argues that conclusive reasonable doubt as to the existence of the requisite specific intent was established because two court-appointed psychiatrists and the psychiatrist called by the defendant were unable to determine whether or not defendant appreciated the wrongfulness of his conduct or was in fact suffering from a mental disease.

In addressing the issue of sufficiency of evidence, we will affirm the conviction if, considering only the probative evidence and reasonable inferences supporting the verdict, without weighing evidence or assessing witness credibility, a reasonable trier of fact could conclude that the defendant was guilty beyond a reasonable doubt. *Case v. State* (1984), Ind., 458 N.E.2d 223; *Loyd v. State* (1980), 272 Ind. 404, 398 N.E.2d 1260, *cert. denied*, 449 U.S. 881, 101 S.Ct. 231, 66 L.Ed.2d 105.

■ Because intent is a mental function and, absent an admission, must be determined from a person's conduct and its natural consequences, the element of intent may properly be inferred from circumstantial evidence. *Mills v. State* (1987), Ind., 512 N.E.2d 846.

■ The record contains evidence of defendant's affirmative course of conduct in taking the ten-year-old child victim to a building at a cemetery, placing her on a couch, removing her pants, and fondling her vagina. When the child cried, defendant covered her mouth and nose, thus impairing her breathing, and threatened to kill her. After the ten-minute attack, defendant proceeded to photograph the victim and threatened to send copies to her mother, the police, and the newspaper if she reported the incident to anyone. The evidence also demonstrated that the defendant had an extensive history of molesting numerous children, that he appreciated the wrongfulness of his conduct, and that he was able to conform his conduct to the requirements of law. The evidence was sufficient to enable a reasonable trier of fact to find the element of intent proven beyond a reasonable doubt.

Judgment affirmed.

SHEPARD, C.J., and PIVARNIK and GIVAN, JJ., concur.

DeBRULER, J., dissenting with opinion.

DeBRULER, Justice, dissenting.

There is merit to appellant's second appellate contention. I therefore respectfully dissent and urge the court that there is necessity for a new trial.

The evidence of guilt was presented by the alleged child victim. Her credibility was therefore crucial to the State's case. She had been referred to a Mental Health Clinic by her parents and the police had met there with a person who had been awarded a master's degree in social work, who had been employed for fifteen years counseling families and children. The person labelled herself a psychiatric social worker. She sought during several of the sessions to prepare the girl to withstand the test to which she would be put at the impending court trial. She is not a psychiatrist or psychologist.

At trial the social worker was permitted over a defense objection to answer the question of whether there was "anything unusual" about the fact that the child had testified in court in a factual manner, without hesitating or crying. The answer provided for the edification of the jury was that the girl knew that this would be the last time she would have to talk about it, and the girl just wanted to hurry up and get it over with. No court has ever gone so far as to sanction testimony of this sort. It is unfortunate that this exchange infect-

ed the trial, but we should take the matter in hand and declare an abuse of discretion. The ruling was contrary to our holding in *Head v. State* (1988), Ind., 519 N.E.2d 151, wherein we forbade permitting one witness to give an opinion that another witness was telling the truth. The jury probably received this social worker's testimony as an opinion of one who knows more than the average mortal about human behavior, and as an opinion entitled to special weight. The opinion itself was that the observable behavior of the child while on the witness stand, testifying before the jury, was consistent with truth telling. The opinion went even further as it identified the girl's feelings and what was going on in her mind as she was testifying. The message as a whole imparted to the jury that the conduct of the witness while testifying, signified testimony worthy of belief. This is surely the stuff of final jury summation, not trial evidence.