**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



**FILED**

Aug 27 2013, 5:30 am

**CLERK**
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**KIMMERLY A. KLEE**
Greenwood, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**BRIAN REITZ**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| GREGORY EVE, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A05-1301-CR-31 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Carol J. Orbison, Judge
Cause No. 49G22-1202-FB-11337

**August 27, 2013**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**RILEY, Judge**

## STATEMENT OF THE CASE

Appellant–Defendant, Gregory Eve (Eve), appeals his conviction and sentence for rape, a Class B felony, Ind. Code Section 35-42-4-1.

We affirm.

## ISSUES

Eve raises two issues on appeal, which we restate as follows:

(1) Whether the State presented sufficient evidence to sustain Eve's conviction of rape beyond a reasonable doubt; and

(2) Whether Eve's sentence is appropriate in light of his character and the nature of the offense.

## FACTS AND PROCEDURAL HISTORY

On or about March 2009, Eve and William Lehr (Lehr) became friends. At about the same time, Lehr's girlfriend, L.N. also become friends with Eve. All three would occasionally hang out. On February 19, 2012, Lehr and L.N. planned to visit Eve at his residence located at 5336 North College Avenue, Indianapolis, Indiana. When they arrived, they found that Eve had been drinking prior to their arrival. They had a few drinks at the house while watching NASCAR on TV and later on, they all walked half a block down the street to a bar where they played pool and continued drinking. Eve, however, left an hour before Lehr and L.N. but notified them he would leave the front door open. After the bar closed at 3:a.m., Lehr and L.N. walked back to Eve's residence. When they arrived, they found Eve sleeping on his living room floor. They checked on

him and found that he was breathing, stepped over him, and proceeded to Eve's kitchen where they both had a glass of wine and ventured out for a smoke. Lehr and L.N. intended to spend the night at Eve's as they had done on prior occasions. Eve had in the past allowed Lehr and L.N. to use his bedroom whenever they spent the night. Lehr and L.N. thereafter proceeded upstairs to Eve's bedroom. Lehr and L.N. had sexual intercourse, and then they both fell asleep, naked.

At some point during the night, Lehr was awakened by the bed shaking and heavy breathing. Lehr saw Eve having sex with L.N., who was still asleep . Lehr yelled at Eve, "What the fuck is going on?" (Transcript p. 57). Eve responded, "I thought this is what you wanted." (Tr. p. 57). Lehr's shouting awoke L.N. . L.N. felt somebody pushing her and she felt somebody's penis slip out of her vagina. It is at this point that L.N. woke up, she saw Lehr in front of her and felt someone's hand pushing her back. She turned to look behind her, and she saw Eve standing there naked. L.N began piecing everything together, and she realized what had just happened. She went to the side of the bed, curled up into a ball, and started crying. Lehr then told L.N. to get dressed and they both left. Eve was left sleeping. On their drive back home, Lehr and L.N. stopped at a McDonald's parking lot to process everything, and called 911.

On February 22, 2012, the State filed an Information charging Eve with rape, a Class B felony, I.C. § 35-42-4-1. On December 7, 2012, Eve's bench trial was held and he was found guilty as charged. On December 28, 2012, the trial court sentenced Eve to

twelve years; four years executed in the Department of Correction, two years to be served through Community Corrections, and six years suspended.

Eve now appeals. Additional facts will be provided as necessary.

<u>DISCUSSION AND DECISION</u>

*I.        Sufficiency*

First, Eve contends that the State's evidence was insufficient to establish his conviction for rape beyond a reasonable doubt. In reviewing a sufficiency of the evidence claim, this court does not reweigh the evidence or judge the credibility of the witnesses. *Perez v State*, 872 N.E.2d 208, 212-13 (Ind. Ct. App. 2007), *trans denied.* We will consider only the evidence most favorable to the judgment and the reasonable inferences to be drawn therefrom and will affirm if the evidence and those inferences constitute substantial evidence of probative value to support the judgment. *See id.* at 213. Reversal is appropriate only when a person would not be able to form inferences as to each material element of the offense. *Id.*

To convict Eve of rape, a Class B felony, the State was required to establish that: (1) Eve knowingly and intentionally had sexual intercourse with L.N.; and (2) L.N. was unaware that the sexual intercourse was occurring and therefore could not have consented to it. *See* I. C. § 35-42-4-1(a)(2). Eve disputes both the intentional and awareness prongs of the statute. A person's intent may be determined from their conduct and the natural consequences thereof and intent may be inferred from circumstantial evidence. *Stout v. State,* 528 N.E.2d 476 (Ind.1988) *reh'g denied*.

4

With respect to Eve's intent argument, we find that he knowingly and intentionally had sex with L.N. on February 19, 2012. A person's intent may be determined from their conduct and the natural consequences thereof and intent may be inferred from circumstantial evidence. *Stout v. State,* 528 N.E.2d 476 (Ind.1988) *reh'g denied.* The record reveals that on that night, Eve went into his bedroom where Lehr and L.N. were sleeping. Lehr testified that he was awakened by the bed shaking, heavy breathing and skin-to-skin contact. Lehr also testified that he saw Eve having sex with L.N. Lehr further testified that he yelled at Eve by asking him what he was doing and Eve responded by saying "I thought this is what you wanted." (Tr. p. 57). L.N. was awakened after this and when she pieced everything together, she realized that Eve had sexual intercourse with her.

With respect to the second part, the State needed to prove that L.N. was unaware that she was having sexual intercourse with Eve. Eve argues in his brief that L.N. was not "unaware" as provided for under I.C. § 35–42–4–2(a)(2) because:

> After closing the bar at 3.am, she walked to Eve's home, where she stepped over Eve asleep on the floor; partook of another glass of wine; ventured back outside for a smoke; made herself home in Eve's bed; and unsuccessfully attempted sex with her boyfriend.

(Appellant's Br. p 12). Therefore, Eve argues that because L.N. was aware of her actions that night, L.N. knew she was having sexual intercourse with Eve. We have previously held that" '[u]naware' is defined as 'not aware: lacking knowledge or acquaintance: UNCONSCIOUS.' " *Becker v. State,* 703 N.E.2d 696, 698 (Ind. Ct. App. 1998) (quoting WEBSTER'S 3D NEW INT'L DICTIONARY 2483 (1986 ed.)). Moreover, it is the general, if

5

not universal, rule that if a man has intercourse with a woman while she is asleep, he is guilty of rape because the act is without her consent. *Glover v. State,* 760 N.E.2d 1120, 1124 (Ind. Ct. App. 2002). We also held that a victim is unaware when she has "lost consciousness due to inebriation." *Id.*

Eve argues that this case should be distinguished from *Glover* as L.N. was well aware of what was happening that night. On the contrary, we find that the record reflects otherwise. The facts support that L.N. gave no verbal indication at any point that night that Eve could have sex with her. The record also reveals that L.N. had been drinking that night. She was also tired and she testified that she just went "out like a light." (Tr. p. 38). Furthermore, on cross examination, L.N. testified as follows;

| [defense] | You just told us you felt something inside you. It felt like a penis. Right? |
|---|---|
| L.N.: | Right. |
| [defense] | All Right. So you realized that somebody was having sex with you. Right? |
| L.N. | After I was awoken by the screaming. |
| [defense] | Okay. So at the point of waking, you said you woke up and you realized that somebody was having sex with you. Right? |
| L.N. | Right. |

(Tr. p. 29). In light of the foregoing, we conclude that the State presented sufficient evidence to prove that Eve knowingly and intentionally raped L.N. and that L.N. was unaware that Eve was having sexual intercourse with her.

## II. *Inappropriate Sentence*

Eve also contends that his twelve year sentence is inappropriate. This court has held in the past that we may revise a sentence if it is inappropriate in light of the nature of

the offense and the character of the offender. *Williams v. State*, 891 N.E.2d 621, 633 (Ind. Ct. App. 2008) (citing Ind. Appellate Rule 7(B)). We consider not only the aggravators and mitigators found by the trial court, but also any other factors appearing in the record. *Roney v. State*, 872 N.E.2d 192, 206 (Ind. Ct. App. 2007), *trans. denied*. The appellant bears the burden of demonstrating that the sentence is inappropriate. *Childress v. State,* 848 N.E.2d 1073, 1080 (Ind. 2006).

The advisory sentence for rape as a Class B felony is ten years. *See* I.C. § 35-42-4-1. Eve argues that the trial court erred in sentencing him to a term of twelve years which is in excess of the advisory sentence.

Regarding the nature of the offence, the record reveals that Eve took advantage of the friendship he had with Lehr and L.N. Eve had on previous occasions allowed Lehr and L.N to spend the night at his home whenever they visited. Eve opened his home to Lehr and L.N. that night, and he snuck into his bedroom where they were both sleeping and he had sexual intercourse with L.N. while she was asleep. When Lehr asked him what he was doing, he callously responded that he thought Lehr and L.N. wanted a threesome.

Turning to Eve's character, we have held that what we primarily consider here is the defendant's criminal history. *See Rutherford v. State*, 866 N .E.2d 867, 874 (Ind. Ct. App. 2007). The record reveals that in 1998, Eve had been convicted of child molestation, a Class C felony. In addition, Eve had four other separate arrests. Furthermore, at Eve's sentencing hearing, Roxanna Clay (Clay) testified that she was 14

years old when she first got into a relationship with Eve and she had two children with him. She also testified that Eve would sometimes have sexual intercourse with her while she was sleeping and Eve would respond, "Its not rape when you are married." (Tr. p. 174) . To salvage his character, Eve presented several letters from friends saying he was a good person. He also stated that he has a good relationship with his children. However, Clay testified at his sentencing that was not the case. She stated that Eve would yell in front of the children and also that there was a certain month Eve was away in jail, his children never inquired about his whereabouts. We find that nothing about Eve's offense or character suggest his sentence is inappropriate, as such, we affirm the sentence imposed by the trial court.

## CONCLUSION

Based on the foregoing, we conclud that there was sufficient evidence beyond reasonable doubt that Eve raped L.N. We also find that Eve's sentence was appropriate in light of the nature of the offenses and his character.

Affirmed.

KIRSCH, J. and C. J. ROBB concur