BRADFORD, Judge,
concurring in result.
I agree with the majority that Johnson has waived any argument he might have had concerning I.B.’s testimony about her sexual history with Johnson. I would reach that conclusion, however, on the more fundamental basis that Johnson made no offer of proof as to what LB.’s testimony would have been. See Nunn v. State, 450 N.E.2d 495, 497 (Ind.1983) (“Furthermore, Appellant made no offer to prove when the trial court sustained the State’s objection to said question. Appellant accordingly waived this issue and we *502 will not consider it.”). Ruling on the theoretical admissibility of I.B.’s testimony involves assuming, at the very least, that it would have been relevant, an assumption for which the record provides no basis. That said, I concur with the majority’s disposition of Johnson’s appeal in all other respects.