Clyde HAMMONS, Appellant,

v.

STATE of Indiana, Appellee.

No. 185S21.

Supreme Court of Indiana.

June 25, 1986.

Timothy L. Bookwalter, Joseph P. Maguire, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Amy Schaeffer Good, Deputy Atty. Gen., Indianapolis, for appellee.

SHEPARD, Justice.

Appellant Clyde Hammons was convicted by a jury of voluntary manslaughter, a class B felony, Ind.Code § 35-42-1-3 (Burns 1985 Repl.), dealing in a schedule II controlled substance, a class B felony, Ind. Code § 35-48-4-2 (Burns 1985 Repl.), violation of the Uniform Controlled Substances Act, a class D felony, Ind.Code § 35-48-

4-7 (Burns 1985 Supp.), dealing in sawed-off shotguns, a class D felony, Ind.Code § 35-47-5-4 (Burns 1985 Repl.), and carrying a handgun without a license, a class A misdemeanor, Ind.Code § 35-47-2-23 (Burns 1985 Repl.). The court imposed consecutive terms of imprisonment of twenty years, twenty years, four years, four years, and one year, respectively, for a total of forty-nine years.

Appellant raises the following three issues in this direct appeal:

(1) Whether the trial court enhanced the voluntary manslaughter sentence to compensate for an erroneous jury verdict,

(2) Whether enhancement of his sentences and imposition of consecutive sentences were based upon improper considerations, and

(3) Whether the sentences imposed are manifestly unreasonable.

### I. Sentence for Voluntary Manslaughter

Appellant argues that the trial judge imposed the maximum sentence for voluntary manslaughter to compensate for what he regarded as the jury's error in failing to find Hammons guilty of murder as charged. Appellant cites the following statement made by the court at the first sentencing hearing:

As indicated, I was the trial Judge on this matter and while the jury did return a verdict of a lesser included on Count One, Manslaughter, rather than the Murder count, *I feel there is ample evidence to justify a finding on the murder count itself. Therefore, Mr. Hammons, the Court is going to sentence you at this time to the custody of the Indiana Department of Correction on Count One,* finding aggravation by reason that a reduced or the presumptive sentence would depreciate the seriousness of this particular offense, a period of twenty years ... (emphasis added)

Appellant is correct that the foregoing demonstrates that the trial judge enhanced the sentence because he believed that the evidence supported a verdict for murder.

Subsequently, the State filed a motion for remand and re-sentencing with this Court, noting the trial court's failure to state the facts which supported enhancement of the sentences. This Court granted the State's motion and directed the trial court to "re-sentence appellant setting out the aggravating factors, if any, and the mitigating factors, if any, in connection with the re-sentencing."

At this re-sentencing hearing the court stated that it found:

... that the matters of aggravation in this particular matter outweigh any matters of mitigation. The Court states its basis for finding matters of aggravation as follows, and I'm looking at the facts of the offense itself. Again, a very serious crime was committed here. *As I stated earlier I believe and you quoted me, Mr. Bookwalter, I tended to disagree with the jury's verdict in this particular matter and while I cannot sentence for a murder conviction, I have sentencing alternatives within the manslaughter class B felony.* The fact that the Defendant [sic] was shot basically four times, most of which were in the back while he was seemingly moving away as I viewed the evidence in this case. Five total shots were fired in this particular matter. As I said, shot in the back while running away basically. The victim was unarmed while the Defendant had a virtual arsenal. Had a sawed-off shotgun in his truck. He had brass knuckles. He had a hunting knife, plus the pistol used in the actual commission of the offense. As the prosecutor noted he fled the scene immediately. Stood over the victim before he fled, did not seek any medical attention whatsoever. I feel these are matters in aggravation as well. The Defendant admitted in this case he dealt in drugs, had been dealing for some period of time as I recall, shows me that—or alleged that the victim was also on drugs. However, as I recall the record of evidence in this matter, there was no drugs found on the victim whatsoever but there were drugs found on the Defendant at the time. Indiana Code

35–38–1–7 sets forth this criteria for the Court to utilize in sentencing. Subparagraph A1, the risk a person will commit another crime—I find that to be present in this matter in that one continuously dealing in drugs plus the activities he engaged in this particular time—I think that risk is still present. *In item 2, the nature and circumstances of the crime committed—as I indicated before, again I viewed the evidence in this particular matter. I felt that manslaughter could have been found by the jury. They did in fact find it. I viewed however the evidence differently and as I said I sentenced within the parameters for manslaughter.* As far as history of criminal activity, you've indicated the question with the presentence investigative report at this particular time, and I will therefore go so far as to indicate I will not find that, his prior criminal history, as any matter of aggravation. I find under subparagraph 3, the need for correctional treatment can best be provided by the penal institution. Again I base that finding on the facts and circumstances of shooting a man four times warrants, in my opinion, confinement for as long a period of time as possible. Finally under paragraph 4, imposition of anything less than the maximum amount would depreciate the seriousness of this offense. Again, here is a man that has a good job at Allison's. He chooses however to deal in drugs, goes out and shoots an unarmed man in the fashion he did in this particular instance. Based upon that I feel imposition of anything less than the maximum would depreciate the seriousness of this crime. ... For those reasons I impose the maximum sentence. (emphasis added)

The judge's view of the case also was reflected in the docket entry which recited the aggravating factors he found:

(2) nature and circumstances of the crime committed—*while jury found the lesser included manslaughter, my own view of the evidence was it clearly supported a murder conviction—this could*

*be characterized as an execution.* I cannot sentence defendant for the greater offense but because of the circumstances of it as stated above, I have the authority to enhance the presumptive sentence and chose [sic] to so do because of the facts of the crime. (emphasis added)

The court then ordered the same sentence it had imposed originally.

Intermingling a particularized statement of the seriousness of the crime (Ind.Code § 35–38–1–7(b)(4)) with the judge's assessment of the jury verdict does not remove the suspect nature of the enhancement. In *Gambill v. State* (1982), Ind., 436 N.E.2d 301, this Court ordered the trial judge to re-sentence the defendant to the presumptive term since the record "manifest[ed] that the trial court enhanced the sentence by reason of a consideration that is beyond the pale of his authority." *Gambill,* 436 N.E.2d at 304. In that case the trial court had found statutory aggravating factors present and stated:

I think the facts of the occurrence justify, and the evidence would justify a conviction of murder. I think in fact that was the offense committed. The jury, as it had a right to do, returned a verdict of voluntary manslaughter for whatever reason, and I think it was not the right verdict. 436 N.E.2d at 304.

This Court concluded:

[a]lthough the circumstances of the crime may well have warranted the assessment of a maximum sentence, that sentence, nevertheless must be for the crime of which the defendant was found guilty and not one of which he was acquitted. It is clear that the trial court enhanced the sentence to compensate for what he believed to be an erroneous verdict. In so doing, he invaded the province of the jury. From his comments, any enhancement by him would be suspect; and, although our customary procedure is to remand for re-sentencing in accordance with the statutory guidelines, we are of the opinion that Defendant cannot now be properly sentenced for

more than the presumptive period. 436 N.E.2d at 305.

In *Gambill,* the trial court's statement of reasons for enhancing the defendant's sentence was also deficient because it merely traced the conclusory language of the statute. A remand for re-sentencing in accordance with the statutory guidelines was deemed inappropriate since the trial judge had already indicated his predisposition.

■ The case at bar is not one in which the judge merely entertained mild skepticism of the jury verdict based upon the evidence presented at trial. *See, Wilson v. State* (1984), Ind., 458 N.E.2d 654 (judgment affirmed; judge was not resolutely opposed to the jury verdict of voluntary manslaughter but attributed the verdict to the good performance of defense counsel). On three different occasions, the trial judge stated for the record that he disagreed with the jury verdict for voluntary manslaughter because there was sufficient evidence for a murder verdict. At the first sentencing hearing he stated, after reciting his assessment, that he *therefore* would sentence defendant to the maximum term. At the second hearing and in the docket entry, the judge gave his assessment in terms which describe an act of murder and proceeded to impose the same sentence. We conclude that this action is more like the act of compensation for the jury's decision apparent in *Gambill* and not like the skepticism shown in *Wilson.* We therefore remand this cause to the trial court with instructions to re-sentence Hammons to the presumptive term for voluntary manslaughter.

## II. Sentencing Considerations

Hammons argues that the enhancement of his sentences and the imposition of consecutive sentences were based upon improper considerations. He maintains that the trial judge failed to consider mitigating circumstances and used improper aggravating circumstances in his sentencing determination.

## A. Mitigating Circumstances

At the sentencing hearing, defense counsel asked the court to consider the following as mitigating circumstances: defendant had not been in trouble for the past seventeen years, defendant had been employed for sixteen years, and the present offenses occurred in an isolated situation. Hammons claims that the trial court ignored these factors which it was required to consider when it imposed the maximum sentence.

■ When the trial court imposes the presumptive sentence for an offense this Court presumes that the court considered the risk that the person will commit another crime, the nature and circumstances of the crime committed, and the prior criminal record, character, and condition of the person. Ind.Code § 35–38–1–7 (Burns 1985 Repl.); *Keys v. State* (1979), 271 Ind. 52, 390 N.E.2d 148. The court must include within the record a statement of its reasons for selecting the sentence it imposes only when the court finds aggravating circumstances or mitigating circumstances. Ind. Code 35–38–1–3 (Burns 1985 Repl.).

The trial court's statement of reasons must include the following three elements: (1) it must identify all of the *significant* mitigating and aggravating circumstances, (2) it must state the specific reason why each circumstance is considered to be mitigating or aggravating, and (3) it must articulate that the court evaluated and balanced the mitigating circumstances against the aggravating circumstances to determine if the mitigating circumstances offset the aggravating circumstances. *Henderson v. State* (1986), Ind., 489 N.E.2d 68. Requiring the sentencing judge to state the reasons for imposing a particular sentence has a dual purpose. First, it insures the judge considered only proper matters when imposing sentence and thus safeguards against the imposition of sentences which are arbitrary or capricious. Second, it enables the appellate court to determine the reasonableness of the sentence imposed.

*Abercrombie v. State* (1981), 275 Ind. 407, 417 N.E.2d 316.

■ The statement of reasons expounded by the court must be factually specific. Some of the aggravating circumstances are by their nature factual and, if listed, require no further substantiation. (An aggravating circumstance such as a 65-year-old victim, for example, requires only the statement of fact or a finding that the victim was 65 years old.) However, others are merely conclusory and must be substantiated by specific facts. (Thus, if a defendant has a history of criminal activity, the incidents comprising such activity should be recited.) *Page v. State* (1980), Ind., 424 N.E.2d 1021. The mitigating circumstances which are recited in the statute are only conclusory. A sentence based on mitigating circumstances therefore requires "a statement of facts to evidence its validity or reasonableness." *Id.*

■ The trial court is required to render a description of mitigating circumstances when it reduces the presumptive sentence or when it uses mitigating circumstances to offset the aggravating circumstances which serve to enhance the sentence. *Dudley v. State* (1985), Ind., 480 N.E.2d 881; *Warner v. State* (1983), Ind., 455 N.E.2d 355; *Robinson v. State* (1983), Ind., 446 N.E.2d 1287; *Gardner v. State* (1979), 270 Ind. 627, 388 N.E.2d 513.

Under other circumstances, the use of mitigating circumstances in the determination of the ultimate sentence [1] is not mandatory, *Wagner v. State* (1985), Ind., 474 N.E.2d 476; it is discretionary with the sentencing court. *Sylvester v. State* (1985), Ind., 484 N.E.2d 1; *Rhoton v. State* (1985), Ind., 483 N.E.2d 51; *Freed v. State* (1985), Ind., 480 N.E.2d 929. When a defendant argues mitigating circumstances to the trial court, the sentencing judge is not obligated to explain why he has chosen not to make a finding of mitigation. This is particularly true when an examination of the underlying record shows the highly disputable nature of the mitigating factors.

1. Ind.Code § 35–38–1–7(c).

*Stark v. State* (1986), Ind., 489 N.E.2d 43; *Frappier v. State* (1983), Ind., 448 N.E.2d 1188. Moreover, the trial court is not obligated to credit or weigh the defendant's evidence of mitigating circumstances the same way the defendant does. *Perry v. State* (1983), Ind., 447 N.E.2d 599. However, the failure of the trial court to find mitigating circumstances which are clearly supported by the record may reasonably give rise to a belief that they were overlooked and hence not properly considered. *Page*, 424 N.E.2d at 1023.

 In this case, mitigating circumstances were offered to offset the aggravating factors, rather than to reduce the presumptive term. The trial judge did not explain which mitigating factors he thought were present; he simply recited that the aggravating circumstances outweighed the mitigating circumstances and then imposed maximum sentences. The only uncontroverted mitigating circumstance presented by the defendant was his employment record. Whether the defendant had a criminal history and whether the present offenses were isolated incidents remain unclear. The presentence report and its addendum indicated that Hammons has a criminal history. The incidents comprising this history were disputed by the defendant, and the court did not use this factor as a basis to enhance Hammon's sentences. The trial court's conclusion that the mitigating circumstances were outweighed by the aggravating circumstances indicates that the court did not deem appellant's employment record to be a significant mitigating factor. Therefore, there was no obligation of the court to identify or balance the mitigating factors argued by defendant.

### B. Aggravating Circumstances

 Hammons maintains that the sentences were enhanced based upon improper aggravating factors. We conclude otherwise.

At the first sentencing hearing, the judge merely concluded that a reduced sentence would depreciate the seriousness of the offense. In the judge's finding of fact and reasons for aggravating circumstances, he indicated "number 3 and number 4 of statute providing for aggravation." At the resentencing hearing the court found the following to be aggravating factors:

(1) the manner in which the crime was committed: the unarmed victim was shot in the back by the defendant who was armed with an arsenal of weapons.

(2) the defendant fled the scene rather than seeking medical attention for the victim.

(3) the nature of the crime committed and defendant's continuous participation as a drug dealer indicate the risk he may commit another crime.

(4) shooting a man four times indicates the need for correctional treatment which is best provided by a penal institution.

(5) imposition of a reduced sentence would depreciate the seriousness of an offense where the defendant, who is gainfully employed, also deals drugs and shoots an unarmed man.

The judge generally concluded that the imposition of a reduced sentence would depreciate the seriousness of the crime committed. The judge based his conclusion on the nature of the crime, the manner in which the crime was committed, and the defendant's character. The trial court is not precluded from considering the nature and circumstances of the crime, the manner in which the crime was committed, or the character of the defendant as aggravating circumstances. *Limp v. State* (1983), Ind., 457 N.E.2d 189.

### III. Sentence Manifestly Unreasonable

 Appellant argues that the total sentence of forty-nine years is manifestly unreasonable and should be reduced to presumptive terms on all counts, to be served concurrently.

This Court may revise a sentence authorized by statute only when the sentence imposed is manifestly unreasonable in light of the nature of the offense and the charac-

ter of the offender. Indiana Rules for the Appellate Review of Sentences, Rule 2(1). In this case, the victim was fatally shot in the back several times by a man who was armed with an arsenal of weapons and engaged in drug dealing and consumption. In view of the court's statement of aggravating circumstances, the sentence was not such that no reasonable person could find such sentence inappropriate to the particular offense and offender. Indiana Rules for the Appellate Review of Sentences, Rule 2(2).

The cause is remanded with instructions to vacate the sentence for voluntary manslaughter previously entered and to sentence the defendant to the presumptive term instead. In all other respects, the judgment of the trial court is affirmed.

DeBRULER and DICKSON, JJ., concur.

GIVAN, C.J., and PIVARNIK, J., dissent without opinion.