Edward L. SEELEY Jr., Appellant (Defendant Below),

v.

STATE of Indiana, Appellee (Plaintiff Below).

No. 70S00-8607-CR-634.

Supreme Court of Indiana.

Nov. 19, 1987.

Sheila K. Zwickey, Rush County Public Defender, Rushville, for appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

DICKSON, Justice.

Upon his conviction for burglary, a class B felony, defendant received an 18-year sentence. In this direct appeal, he contends that the trial court erred with regard to its finding of aggravating circumstances. It is defendant's contention that the court's sentencing statement failed to sufficiently particularize the reasons for the enhanced sentence and that the sentence was based upon an erroneous statement of his prior record.

Ind.Code § 35-38-1-3 requires that if the trial court finds aggravating or mitigating circumstances, its record must include "a statement of the court's reasons for selecting the sentence that it imposes." The statement of reasons should contain three elements: a) identification of all significant mitigating and aggravating circumstances found, b) specific facts and reasons which lead the court to find the existence of each such circumstance, and c) articulation demonstrating that the mitigating and aggravating circumstances have been evaluated and balanced in determination of the sentence. *Hammons v. State* (1986), Ind., 493 N.E.2d 1250; *Jones v. State* (1984), Ind., 467 N.E.2d 681. Thoroughness and specificity in the sentencing statement facilitate meaningful appellate review. The trial court should not simply repeat statutory language. *Totten v. State* (1985), Ind., 486 N.E.2d 519; *Page v. State* (1981), Ind., 424 N.E.2d 1021.

 The trial court's statement of reasons identifies various statutory aggravating circumstances: recent violation of parole or probation, history of criminal activity, need of correctional or rehabilitative treatment, and recognition that a reduced sentence would depreciate the seriousness of the crime. Ind.Code § 35-38-1-7. The sentencing statement further specified facts and reasons supporting such findings and demonstrated that the trial judge had evaluated and balanced the mitigating and aggravating circumstances. We find that the particularity of the sentencing statement was adequate to support the sentence imposed.

Defendant also contends that the sentence was based upon the trial court's mistaken perception of his prior record. In ruling upon defendant's motion to correct errors, the trial court found that it had "apparently inadvertently misstated the defendant's juvenile record in that he did not have six (6) prior felony convictions." After correcting the misstatement, the trial court's ruling further stated "that in considering the aggravating circumstances in this cause, whether the defendant had one (1) or six (6) prior juvenile offenses which would be felonies if he were an adult would not have changed the court's sentencing anyway." By recognizing its initial misstatement of defendant's criminal record and explaining the relative significance of defendant's criminal history upon the sentencing decision, the trial court's ruling is sufficient to resist defendant's attack.

Judgment affirmed.

SHEPARD, C.J., and DeBRULER, GIVAN and PIVARNIK, JJ., concur.