Dontay L. JONES, Appellant
(Defendant Below),

v.

STATE of Indiana, Appellee
(Plaintiff Below).

No. 48S00–9709–CR–489.

Supreme Court of Indiana.

July 27, 1998.

Christopher A. Cage, Anderson, for Appellant.

Jeffrey A. Modisett, Attorney General, Rachel Zaffrann, Deputy Attorney General, Indianapolis, for Appellee.

SHEPARD, Chief Justice.

Appellant Dontay Jones was charged with murder, Ind.Code Ann. § 35–50–2–3 (West 1998); attempted robbery, a class A felony, Ind.Code Ann. § 35–42–5–1 (West 1998); and carrying a handgun without a license, a class A misdemeanor, Ind.Code Ann. § 35–47–2–1 (West 1998). Jones pled guilty to murder and the handgun violation. The trial court sentenced him to the presumptive term of fifty-five years for murder, with a concurrent one-year sentence for the handgun conviction.

Appellant raises two issues in this direct appeal:

(1) Whether the trial court was required to create a detailed sentencing statement articulating its reasons for imposing the presumptive sentence for murder, and

(2) Whether the trial court erred in rejecting Jones' proposed mitigating circumstances.

### Facts

On the evening of September 12, 1996, Jones, Dennis Johnson, and Raymond Johnson formulated a plan to rob Norval Peters. They then secured firearms from Johnson's home to help them carry out their scheme.

Early the next day, the men regrouped at the home of Carlos Arevado, a neighbor of Peters. They waited for Peters' fiancée to leave before forcing their way into the house.

According to Jones, the other two men made their way into the home before him. Raymond Johnson attempted to subdue Peters by striking him in the head with his gun. Peters, however, shot the three intruders with his own weapon. The trespassers then shot and killed Peters.

### I. A Presumptive Sentence Does Not Require a Detailed Sentencing Statement

Appellant argues that the trial court's sentencing order did not adequately identify the aggravating and mitigating factors the court considered in imposing sentence.

■ Sentencing is conducted within the "discretion of the trial court and will be reversed only upon a showing of abuse of that discretion." *Sims v. State,* 585 N.E.2d 271, 272 (Ind.1992). The trial court also has discretion to determine "whether a presumptive sentence will be increased or decreased because of aggravating or mitigating circumstances." *Id.* When a standard sentence has been imposed, we presume that the trial court considered "the risk that the person will commit another crime, the nature and circumstances of the crime committed, and the prior criminal record, character, and condition of the person." *Hammons v. State,* 493 N.E.2d 1250, 1254 (Ind.1986) (citing *Keys v. State,* 271 Ind. 52, 390 N.E.2d 148, 152 (1979)). Finally, and most importantly as it relates to Jones' issue, a sentencing judge must articulate her reasoning only when she deviates from the statutory presumptive sentence. *Finch v. State,* 510 N.E.2d 673 (Ind. 1987); *Winfrey v. State,* 547 N.E.2d 272 (Ind. 1989).

■ The trial judge here imposed the presumptive term for the murder conviction and thus was not required to state a basis for imposing that sentence.

### II. The Trial Court Properly Rejected the Mitigating Factors

Jones argues in the alternative that the trial court's sentence should be remanded because it failed to consider all significant mitigating circumstances after both parties had acknowledged that some mitigators were present.

Jones concedes the proposition articulated in *Tunstill v. State* that a trial court is not "obliged to accord the same weight to a factor which the defendant considers mitigating or to find mitigators simply because it is urged by the defendant." 568 N.E.2d 539, 546 (Ind.1991). However, appellant urges that this grant of discretion to a trial judge is

appropriate only where opposing parties cannot agree about the existence of mitigating factors. Appellant further suggests that there was no dispute as to the mitigating evidence presented, and, as a result, the trial judge was required to accord as much weight to the mitigating circumstances as did the respective parties.

Sentencing decisions are within the discretion of the trial court and we will reverse only upon a showing of abuse of that discretion. *Sims*, 585 N.E.2d at 272. When a trial court imposes the presumptive sentence, we have long held that it will be presumed on appeal that the trial court considered the proper factors in making its sentencing determination. *Hammons*, 493 N.E.2d at 1254; *see also* Ind.Code Ann. § 35–38–1–7.1 (West 1998) (listing aggravating and mitigating factors).

When a court engages in a balancing process between aggravating and mitigating circumstances, it is obligated to include a statement of its reasons for selecting the sentence imposed. *Hammons*, 493 N.E.2d at 1254; Ind.Code Ann. § 35–38–1–3 (Ind.1998). The trial court is not required to find mitigating circumstances which are offered by a defendant or to explain why he has chosen not to make such a finding, *Hammons*, 493 N.E.2d at 1254–55, though the failure of a trial court to find mitigating circumstances which are clearly supported by the record may reasonably give rise to a belief that they were overlooked and hence not properly considered, *id.* at 1255.

It appears clear from the statement the trial judge made at the close of the sentencing hearing that the court indeed engaged in a balancing of aggravating and mitigating factors.[1] In mitigation, he recognized that Jones' lacked a male role model during his formative years and that he was only eighteen when he committed the crime. The judge also indicated several aggravating factors, including Jones' criminal history at an

early age, his intoxicated state when he committed the crime, and his disregard for the hardship that his potential incarceration would cause his young child and girlfriend.

A judge's use of aggravating factors to offset a mitigating factor in order to arrive at a presumptive sentence is well within his discretion—indeed it exhibits the type of reasoning required by our law.

At the heart of Jones' argument, however, is his contention that the trial court failed to consider additional mitigating circumstances strongly supported by the record.[2] Our review of the record causes us to believe Jones' claim is without merit. What constitutes a "significant" mitigating factor is generally within the discretion of the trial court. *See Ross v. State*, 676 N.E.2d 339, 347 (Ind.1997) (stating, "the 'proper' weight to be afforded by the trial court to the mitigating factors may be to give them no weight at all.").

We have on occasion found an abuse of discretion on the grounds that a trial court failed to consider significant mitigating factors, *see, e.g., Tunstill*, 568 N.E.2d at 545 (holding the trial court abused its discretion in failing to consider as mitigating the undisputed fact that the victim induced the defendant by delivering unprovoked blows to the defendant). The mitigating factors argued by Jones are not of the *Tunstill* caliber, and the court did not abuse its discretion by declining to give them such weight as would lead to a reduced sentence.

### Conclusion

We affirm the sentence imposed by the trial court.

DICKSON, SULLIVAN, SELBY and BOEHM, JJ., concur.

---

1. At the beginning of his sentencing statement the judge noted; "this case has compelling facts on ... both sides." (R. at 98.)

2. Appellant lists a number of mitigating factors which he feels the trial court failed to take into consideration, including: (1) Jones' age and troubled childhood, (2) Jones' voluntary intoxi-

cation, (3) Jones' voluntary guilty plea, (4) Jones' expression of remorse (5) Jones' loss of two siblings to violent acts, (6) testimony speaking to Jones' good character, and (7) the potential hardship that would be imposed on Jones' family as a result of his incarceration.