Ricky Lee JACKSON, Defendant–
Appellant,

v.

STATE of Indiana, Plaintiff–Appellee.

No. 83S00–0010–CR–00567.

Supreme Court of Indiana.

Aug. 8, 2001.

Susan K. Carpenter, Public Defender of Indiana, David P. Freund, Deputy Public Defender, Indianapolis, IN, Attorneys for Appellant.

Steve Carter, Attorney General of Indiana, Monika Prekopa Talbot, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

DICKSON, Justice.

When the defendant, Ricky Lee Jackson, appealed his murder conviction[1] and 55 year sentence, this Court affirmed his conviction but, finding no basis to determine whether the trial court properly weighed the aggravating and mitigating circumstances, remanded for resentencing on the record. *Jackson v. State,* 728 N.E.2d 147 (Ind.2000). Upon remand the trial court once again sentenced the defen-

---

1. Ind.Code § 35–42–1–1.

dant to the presumptive sentence[2] of 55 years.

The defendant again appeals, asserting that the trial court abused its discretion in determining the sentence and that the sentence is manifestly unreasonable. We affirm the trial court.

The applicable principles are clearly recognized. In Jackson's first appeal, we stated:

It is well established that sentencing decisions lie within the discretion of the trial court. *Echols v. State,* 722 N.E.2d 805, 808 (Ind.2000). When a trial court imposes the presumptive sentence, on appeal this Court presumes that the trial court considered the proper factors in making its sentencing determination. *Jones v. State,* 698 N.E.2d 289, 291 (Ind. 1998). When a court identifies aggravating or mitigating circumstances, however, it is obligated to include a statement of its reasons for selecting the sentence imposed. *See* Ind.Code § 35–38–1–3 (1998); *Jones,* 698 N.E.2d at 291; *Widener v. State,* 659 N.E.2d 529, 533 (Ind. 1995) (citing *Hammons v. State,* 493 N.E.2d 1250, 1254 (Ind.1986)); *Townsend v. State,* 498 N.E.2d 1198, 1201 (Ind.1986). This statement of reasons must contain three elements: (1) identification of all significant mitigating and aggravating circumstances; (2) the specific facts and reasons that lead the court to find the existence of each such circumstance; and (3) reflection of an evaluation and balancing of the mitigating and aggravating circumstances in fixing the sentence. *Widener,* 659 N.E.2d at 533 (citing *Hammons,* 493 N.E.2d at 1254); *Townsend,* 498 N.E.2d at 1201.

*Jackson v. State,* 728 N.E.2d 147, 154 (Ind. 2000). Upon remand the trial court's sentencing statement demonstrates that the court thoughtfully considered and found six mitigating circumstances:

(1) The defendant was employed and a good employee as pointed out by the pre-sentence report and Defendant's Exhibits 1 and 2, being letters from a superintendent and foreman.

(2) The defendant had a lack of criminal history as is pointed out in the pre-sentence report for this case.

(3) Members of the defendant's family testified that he is needed at home and a jail sentence would be hard on the family. Further that the defendant was a good father and provider for his family.

(4) The defendant expressed remorse for what happened.

(5) The father of the victim by a handwritten note attached to the pre-sentence report requested the Court to be lenient on the defendant, who is the father of his grandsons. He requested leniency on behalf of his grandsons who were hurting.

(6) After the shooting, the defendant was trying to give aid to the victim and was still doing so when police officers arrived at the scene.

Record at 10–11.

■ In considering whether to impose the presumptive or a reduced sentence, the trial court stated:

The Court finds that imposition of a reduced sentence in this matter would depreciate the seriousness of the crime—murder. When the courts [sic] weighs the mitigating factors as against

---

**2.** Upon a conviction for murder, a person "shall be imprisoned for a fixed term of fifty-five (55) years, with not more than ten (10) years added for aggravating circumstances or not more than ten (10) years subtracted for mitigating circumstances." Ind.Code § 35–50–2–3.

the depreciation of the seriousness of this offense by reducing the standard sentence, the Court finds the standard sentence should not be reduced. The record reveals the defendant shot and killed his wife by shooting her in the head. This occurred during a domestic disturbance between the two of them in their home. This occurred while their son was upstairs. The son heard his parents arguing,[3] heard the fatal shot and observed his mother laying on the floor bleeding.

Record at 11–12. The defendant argues that, if the trial court would have given proper aggregate weight to the mitigating circumstances, "the only conclusion it could have logically reached was that a sentence substantially less than the standard sentence was warranted because there were no aggravating circumstances to weigh against." Br. of Defendant–Appellant at 18.

■ In determining what sentence to impose for a crime, one of the statutory factors for consideration by the trial court is whether "[i]mposition of a reduced sentence or suspension of the sentence and imposition of probation would depreciate the seriousness of the crime." Ind.Code § 35–38–1–7.1(b)(4). Consideration of this factor is available when the trial court contemplates reducing a sentence from the presumptive. *See Mitchell v. State,* 726 N.E.2d 1228, 1242 (Ind.2000). As indicated above, the trial court expressly found that a reduced sentence would depreciate the seriousness of the crime. Although

the trial court's language elsewhere states, "there were no aggravating factors," Record at 11, considered in context,[4] we understand the trial court's use of the phrase "there were no aggravating factors" to mean only that the judge found no aggravating factors favoring an enhanced sentence. The trial court's express finding that a reduced sentence would depreciate the serious of this crime constitutes the finding of a statutory aggravating circumstance that may weigh against the imposition of a sentence less than the presumptive term. We decline to find that the trial court abused its discretion in finding and applying the "depreciate the seriousness" aggravator to outweigh the mitigating circumstances and to thus impose the presumptive sentence in this case.

■ The defendant also asks this Court to reduce his sentence on grounds that his sentence is manifestly unreasonable. This Court is empowered to review and revise criminal sentences we find to be "manifestly unreasonable in light of the nature of the offense and the character of the offender." Former Ind. Appellate Rule 17(B).[5] Citing the mitigating circumstances found by the trial court, the defendant urges that because of his individual conduct, characteristics, and history, the presumptive sentence is manifestly unreasonable. The defendant shot and killed his wife with a handgun during an episode of domestic violence in which the defendant was chasing her throughout their home, knocking over and breaking furniture, and

---

**3.** The defendant quarrels with this statement as contrary to the evidence which he alleges indicated that the son heard the shot but not any arguing. The defendant acknowledges, however, that this has "little bearing or impact on what the appropriate sentence should be." Br. of Defendant Appellant at 10 n. 3. We agree and decline to further evaluate the accuracy of this finding.

**4.** The court stated: "The Court in its prior ruling found that there were no aggravating factors. Since there are no aggravating factors herein, an enhanced sentence would not be proper." Record at 11.

**5.** As this appeal was initiated before January 1, 2001, the former appellate rules apply. This rule is now Ind.Appellate Rule 7(B).

yelling at her. The imposition of the presumptive sentence in this case is not manifestly unreasonable.

The judgment of the trial court is affirmed.

SHEPARD, C.J., and SULLIVAN, BOEHM, and RUCKER, JJ., concur.