**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Jul 29 2013, 5:23 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**JOSEPH A. SOBEK**
Reed & Earhart Attorneys, P.C.
Warsaw, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**ELLEN H. MEILAENDER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| JAY B. STOKES, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 43A03-1302-CR-45 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

### APPEAL FROM THE KOSCIUSKO CIRCUIT COURT
The Honorable Duane G. Huffer, Special Judge
Cause No. 43C01-0706-FB-154

**July 29, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BRADFORD, Judge**

Appellant-Defendant Jay B. Stokes was convicted of one count of Class B felony attempted armed robbery and one count of Class B felony unlawful possession of a firearm by a serious violent felon. Stokes was also determined to be a habitual offender. The trial court sentenced Stokes to twenty years for each of his convictions, ordered the sentences to run consecutively, and enhanced Stokes's sentence by twenty years as a result of his status as a habitual offender, for an aggregate sentence of sixty years. Stokes's convictions and aggregate sixty-year sentence were affirmed on direct appeal. Stokes subsequently requested and was granted post-conviction relief. In granting Stokes the requested relief, the post-conviction court scheduled the matter for resentencing.

On resentencing, the trial court sentenced Stokes to twenty-years for the Class B felony attempted armed robbery conviction, merged the Class B felony unlawful possession of a firearm by a serious violent felon conviction into the habitual offender determination, and enhanced the sentence by thirty years as a result of Stokes's status as a habitual offender, for an aggregate term of fifty years. Stokes appealed, arguing that the trial court abused its discretion by imposing a vindictive sentence. Concluding that the trial court acted within its discretion in imposing an aggregate term of fifty years, but that it abused its discretion in merging Stokes's Class B felony unlawful possession of a firearm by a serious offender conviction into the habitual offender determination, we affirm in part, reverse in part, and remand to the trial court.

**FACTS AND PROCEDURAL HISTORY**

This court's opinion in Stokes's prior direct appeal, which was handed down on June

2

23, 2009, instructs us as to the underlying facts leading to this subsequent direct appeal following resentencing:

> Near closing time on March 23, 2007, Stokes and Darius Taylor entered the Leesburg Liquor Store in Kosciusko County. Stokes had a gun and ordered an employee behind the counter. Taylor tried to lock the door after entering the store. He found a gun under the counter and held it on the employee. Stokes went to the back of the store and saw the manager pushing an alarm button. He hit her and knocked her to the floor, then yelled "we got to go, we got to get out of here." (Tr. at 39.) Stokes and Taylor ran from the store.
>
> The next morning police received a report of two suspicious-looking men behind a body shop in Pierceton, also in Kosciusko County. The men were Stokes and Taylor. They appeared overdressed for the weather. They claimed they were looking for a friend but did not know the friend's address. Stokes had a trash bag in his pocket and was wearing clothing similar to that worn by the person who tried to rob the liquor store. In Stokes'[s] car police found bullets and a backpack Taylor wore during the attempted robbery. Nearby in the alley police found the gun taken from the liquor store and the gun Stokes used during the incident. Taylor told a police officer he was one of the robbers and Stokes was with him.

*Stokes v. State*, 908 N.E.2d 295, 299 (Ind. Ct. App. 2009), *trans. denied*.

On June 29, 2007, the State charged Stokes with one count of Class B felony attempted armed robbery, one count of Class B felony unlawful possession of a firearm by a serious violent felon ("SVF"), and one count of Class C felony intimidation.[1] On July 16, 2007, the State amended the charging information to include the allegation that Stokes was a habitual offender. Following trial, the jury found Stokes guilty of Class B felony attempted armed robbery and Class B felony unlawful possession of a firearm by a SVF. Stokes was also determined to be a habitual offender. The trial court sentenced Stokes to twenty years for each of his convictions, ordered the sentences to run consecutively, and enhanced

---

[1] The Class C felony intimidation charge was dismissed prior to trial.

3

Stokes's sentence by twenty years as a result of his status as a habitual offender, for an aggregate sentence of sixty years. On direct appeal, this court concluded that the trial court did not abuse its discretion in denying Stokes's request for a mistrial, the evidence was sufficient to sustain Stokes's convictions and the habitual offender determination, and the aggregate sixty-year sentence imposed by the trial court was not inappropriate. *Id*. at 299-305.

Stokes subsequently filed a petition for post-conviction relief ("PCR"). In seeking PCR, Stokes claimed that he was denied effective assistance of trial counsel. Specifically, Stokes alleged that his trial counsel was ineffective for failing to argue that the sentence imposed for Stokes's Class B felony possession of a handgun by a SVF conviction could not be run consecutively to his habitual offender enhancement under *Sweatt v. State*, 887 N.E.2d 81 (Ind. 2004). In ruling on Stokes's PCR petition, the post-conviction found that the allegations contained in Stokes's petition were true and scheduled the matter for resentencing.

The trial court conducted a resentencing hearing on February 7, 2013. Following the hearing, the trial court sentenced Stokes as follows:

> The Court having found Mr. Stokes guilty of Attempted Robbery While Armed with a Deadly Weapon, Serious Violent Felon in Possession of a Firearm, both Class B felonies, and the Habitual Offender Enhancement, and the Court having reviewed the decision in case 43A04-0811-CR-655, determines that the reasonings given by Judge Reed as to the sentence for the Class B felony Attempted Robbery are valid and should be affirmed and adopted by this Court and I so do.
> We still are faced with the aspect that Mr. Stokes was convicted of being a serious violent felon in possession of a firearm and had two prior felony convictions, and the decision for that I will merge the serious violent

4

into the habitual. And when I review the record, I do not find any mitigating circumstances that are going to sway me and the aspect is that Mr. Stokes did commit two felonies and then committed the third felony. During that period of time he shouldn't have had a firearm. He did have a firearm. So I think the appropriate sentence for the enhancement is 30 years. The court **ORDERS** 20 years for the Attempted Robbery, merges the Serious Violent Felon into the Habitual Offender and sentences Mr. Stokes for 30 years for the Habitual Offender for a total of 50 years with jail time credit determined as heretofore determined in the original commitment order. Credit for prison time shall be determined by the IDOC.

Appellant's App. p. 69 (emphasis in original). This appeal follows.

## DISCUSSION AND DECISION

Stokes contends that, in resentencing him, the trial court abused its discretion by increasing the habitual offender sentence enhancement from the twenty years originally imposed by the trial court to thirty years. Stokes effectively argues that the sentence imposed by the trial court constitutes a vindictive sentence, and that the increase in the sentence enhancement is not supported by the record. For its part, the State argues that the trial court acted within its discretion in sentencing Stokes because the aggregate sentence imposed is less than the original sentence that was imposed by the trial court, and that the fifty-year sentence reflects an apparent attempt to craft a sentence that approximated the previously determined appropriate sentence.

Sentencing decisions rest within the sound discretion of the trial court and are reviewed on appeal only for an abuse of discretion. *Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind. 2007), *modified on other grounds on reh'g*, 875 N.E.2d 218 (Ind. 2007). "An abuse of discretion occurs if the decision is clearly against the logic and effect of the facts and

5

circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom." *Id*. (quotation omitted). With respect to resentencing a defendant following a successful request for PCR, Indiana Post-Conviction Rule 1(10)(b) provides

> If a sentence has been set aside pursuant to this rule and the successful petitioner is to be resentenced, then the sentencing court shall not impose a more severe penalty than that originally imposed unless the court includes in the record of the sentencing hearing a statement of the court's reasons for selecting the sentence that it imposes which includes reliance upon identifiable conduct on the part of the petitioner that occurred after the imposition of the original sentence, and the court shall give credit for time served.

For the purposes of Post-Conviction Rule 1(10)(b), the phrase "more severe penalty" refers to "the aggregate sentence, not its component parts." *Gray v. State*, 871 N.E.2d 408, 415 (Ind. Ct. App. 2007), *trans. denied*. Thus, a court may increase the sentence imposed on a particular component so long as the aggregate sentence is not increased. *Sanjari v. State*, 981 N.E.2d 578, 582 (Ind. Ct. App. 2013), *trans. denied*; *see also Gray*, 871 N.E.2d at 414-15.

> The core rationale for this rule, one that we accept, is the recognition that the sentences in a multi-conviction proceeding are interdependent:
>> When a defendant is convicted of more than one count of a multicount indictment, the district court is likely to fashion a sentencing package in which sentences on individual counts are interdependent. When, on appeal, one or more counts of a multicount conviction are reversed and one or more counts are affirmed, the result is an "unbundled" sentencing package. *See, e.g.*, *United States v. Thomas*, 788 F.2d 1250, 1260 (7th Cir.), *cert. denied*, 479 U.S. 853, 107 S.Ct. 187, 93 L.Ed.2d 121 (1986). Because the sentences are interdependent, the reversal of convictions underlying some, but not all, of the sentences renders the sentencing package ineffective in carrying out the district court's sentencing intent as to any one of the sentences on the affirmed convictions.
> *U.S. v. Shue*, 825 F.2d 1111, 1114 (7th Cir.1987).

6

The *Pimienta-Redondo* court expanded upon this concept:

> [W]hen a defendant is found guilty on a multicount indictment, there is a strong likelihood that the district court will craft a disposition in which the sentences on the various counts form part of an overall plan. When the conviction on one or more of the component counts is vacated, common sense dictates that the judge should be free to review the efficacy of what remains in light of the original plan, and to reconstruct the sentencing architecture upon remand, within applicable constitutional and statutory limits, if that appears necessary in order to ensure that the punishment still fits both crime and criminal.

[*United States v. Pimienta-Redondo*, 874 F.2d 9, 14 (1st Cir. 1989)].

*Sanjari*, 981 N.E.2d at 583.

In imposing the aggregate fifty-year sentence, the trial court reviewed the prior sentence or the "original plan" in resentencing Stokes. The trial court specifically found that the reasons stated by the trial court in imposing the original sentence were valid. The trial court also found that the possession of a firearm by a SVF who knew he was not to possess a firearm was an aggravating factor that would support a longer sentence enhancement.[2] Thus, in increasing the habitual offender enhancement to thirty years on resentencing, the trial court appears to have attempted to reconstruct the original sentencing structure to approximate the previously determined appropriate sentence. Pursuant to our opinion in *Sanjari*, it is within the trial court's discretion to do so. *Id*.

Furthermore, Stokes's reliance upon the Indiana Supreme Court's opinion in

---

[2] To the extent that Stokes argues that the trial court erred in considering his possession of a firearm to be an aggravating factor because it was a material element of the crime for which he was being sentenced, we note that Stokes was not sentenced for a crime of which the possession of a firearm is a material element. Rather, in sentencing Stokes, the trial court merged this conviction into its consideration of Stokes's status as a habitual offender and found that Stokes's possession of a firearm, along with his criminal history, warranted a thirty-year sentence enhancement.

*Hammons v. State*, 493 N.E.2d 1250 (Ind. 1986), is misplaced. In *Hammons*, the trial court expressly indicated that it believed the jury's verdict, which convicted the defendant of the lesser included crime of voluntary manslaughter rather than murder, was wrong. 493 N.E.2d at 1251-53. The trial court indicated that it was sentencing the defendant in a manner to try to compensate for what it considered to be an erroneous jury verdict. *Id*. at 1251-53. Upon review, the Indiana Supreme Court determined that the trial court abused its discretion by attempting to compensate for what it clearly indicated it believed was an erroneous verdict. *Id*. at 1253.

Here, however, unlike in *Hammons*, the trial court's sentencing determination appears to be an attempt to reconstruct the original sentencing structure to approximate the previously determined appropriate sentence rather than an attempt to compensate for some perceived error in the proceedings. As such, we conclude that the Indiana Supreme Court's opinion in *Hammons* does not control. Instead, we conclude that, as was the case in *Sanjari*, the trial court acted within its discretion by attempting to reconstruct the original sentencing structure in resentencing Stokes. *See Sanjari*, 981 N.E.2d at 583.

While we conclude that the trial court acted within its discretion in imposing an aggregate fifty-year sentence on resentencing, we conclude that the trial court abused its discretion by merging Stokes's possession of a firearm by a SVF conviction into the habitual offender determination. The Indiana Supreme Court has held that "a habitual offender finding does not constitute a separate crime nor result in a separate sentence, but rather results in a sentence enhancement imposed upon the conviction of a subsequent felony."

8

*Greer v. State*, 680 N.E.2d 526, 527 (Ind. 1997). "In the event of simultaneous multiple felony convictions and a finding of habitual offender status, trial courts must impose the resulting penalty enhancement upon only one of the convictions and must specify the conviction to be so enhanced." *Id*.

Here, the trial court properly imposed the habitual penalty enhancement upon only the Class B felony attempted robbery conviction. The trial court attempted to avoid the problem presented on PCR by merging the SVF conviction into the habitual offender determination. We conclude that this method constituted an abuse of discretion, however, because the court could not merge the separate SVF conviction into the habitual offender enhancement which was attached to the Class B felony attempted robbery conviction. *See generally id*. The proper procedure for avoiding the issue presented on PCR would have been for the court to vacate the SVF conviction and to impose a sentence for the Class B felony attempted robbery conviction and to enhance that sentence in light of the habitual offender determination. As such, on remand, the trial court should amend the sentencing order to vacate the SVF conviction.

The judgment of the trial court is affirmed in part, reversed in part, and remanded for further proceedings.

BROWN, J., concurs.

RILEY, J., concurs in part and dissents in part with opinion.

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| JAY B. STOKES, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 43A03-1302-CR-45 |
| | ) | |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

**RILEY, Judge, concurring in part and dissenting in part.**

While I concur with the majority's finding that the trial court abused its discretion by merging the serious violent felon (SVF) count into the habitual offender status, I respectfully disagree with its conclusion that the trial court properly imposed a fifty year aggregate sentence.

On direct appeal, we found Stokes' sentence, which included an habitual offender enhancement of twenty years, to be appropriate. Thereafter, in seeking post-conviction relief, Stokes contended that his trial counsel was ineffective for failing to argue that his SVF sentence could not be run consecutively to his habitual offender enhancement. Upon review, the post-conviction court sided with Stokes and determined that, pursuant to *Sweatt v. State*, 887 N.E.2d 81 (Ind. 2004), Stokes' sentence on the B felony attempted armed robbery should run concurrent to his sentence on the SVF. Because Stokes never disputed his twenty year

10

sentence enhancement during the post-conviction proceedings, the law of the case doctrine prevents the trial court from revisiting this sentence. *See State v. Huffman*, 643 N.E.2d 899, 901 (Ind. 1994) (The law of the case doctrine mandates that an appellate court's determination of a legal issue binds both the trial court and the court on appeal in any subsequent appeal involving the same case and relevantly similar facts).

The majority affirmed the trial court's increase of the habitual offender sentence from twenty years to thirty years based on *Sanjari v. State*, 981 N.E.2d 578, 582 (Ind. Ct. App. 2013), *trans. denied*. I find *Sanjari* to be inapposite. Sanjari was resentenced in a direct appeal; here, Stokes' direct appeal affirmed the appropriateness of his twenty years sentence enhancement and thus, his sentence became part of the law of the case when he did not contest its length in his petition for post-conviction relief.

In sum, I conclude that the trial court abused its discretion in increasing Stokes' habitual offender enhancement from twenty years to thirty.