# FOR PUBLICATION



**FILED**

Jan 15 2015, 8:55 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**PATRICIA CARESS McMATH**
Marion County Public Defender Agency
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**WILLIAM HACKL BRAINARD**
**MONIKA PREKOPA TALBOT**
Deputy Attorney General
Indianapolis, Indiana

## IN THE
## COURT OF APPEALS OF INDIANA

COREY PHELPS,                    )
                                 )
    Appellant-Defendant,         )
                                 )
        vs.                  )     No. 49A02-1401-CR-30
                                 )
STATE OF INDIANA,                )
                                 )
    Appellee-Plaintiff.          )

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Daniel Pflum, Judge
Cause No. 49G20-1305-FA-29024

**January 15, 2015**

**OPINION - FOR PUBLICATION**

**ROBB, Judge**

## Case Summary and Issues

Corey Phelps appeals his maximum eight-year sentence for possession of cocaine, a Class C felony, raising one issue for our review: whether the trial court abused its discretion when it imposed the maximum sentence for a Class C felony after expressing disagreement with the jury's verdict finding Phelps not guilty of a Class A felony. Concluding the trial court abused its discretion, we reverse and remand with instructions to vacate Phelps's sentence and to sentence him to a term of six years executed at the Department of Correction.

## Facts and Procedural History

At 9:45 p.m. on May 2, 2013, officers with the Indianapolis Metropolitan Police Department, armed with a warrant, executed a no-knock search of a residence. Several persons were found in or around the residence, and Phelps was among those individuals. Daniel Henson, a medic with the SWAT team that executed the search, witnessed Phelps throw a small object out of a second-story window. A bag containing 12.43 grams of crack cocaine was found in the yard outside the window from which Phelps had thrown something. Inside the house, the police found 0.77 grams of marijuana, a scale, plastic bags, a pipe, and $1,225 in cash.

The State charged Phelps with dealing in cocaine, a Class A felony, and possession of cocaine, a Class C felony. Following a jury trial, Phelps was found guilty of possession of cocaine but not guilty of dealing in cocaine. At the sentencing hearing,

prior to announcing Phelps's sentence, the trial court made the following statement

concerning the jury's decision to find Phelps not guilty of dealing in cocaine:

> The State . . . pointed out that as what he considered an aggravating factor,
> was the fact that you were dealing in cocaine. [Defense counsel] brought
> out the fact that that can't be considered an aggravating factor because you
> were found not guilty of that. And she is correct, to that extent. I will say
> however, that I don't know why the jury didn't find you guilty of that
> offense. . . . I don't really know what they did. Or what their reasoning was
> behind it. Your attorneys did a really good job of getting them confused . .
> . [The jury] found you guilty not of the – not possession of the twelve
> grams but I think they did find – that's what they did find you guilty of.
> They said more than three grams. The evidence clearly showed that you
> threw the twelve grams out the window. And it was recovered. And in
> fact, had this been tried to the Court initially, had this been tried to the
> Court instead of to a jury . . . I would have clearly found you guilty of
> dealing. Because I think the evidence showed that. But the [sic] said that
> you weren't so that's – that's the rule there.

Transcript at 446-47. Immediately after that statement, the trial court laid out a number

of aggravating factors, including two prior felony convictions, numerous probation

violations, juvenile history, and Phelps's risk to reoffend. The trial court then imposed a

maximum sentence of eight years imprisonment. Phelps now appeals his sentence,

claiming his sentence may be a result of the court's disagreement with the jury verdict.

Discussion and Decision

I. Standard of Review

"[S]entencing decisions rest within the sound discretion of the trial court and are

reviewed on appeal only for an abuse of discretion." Anglemyer v. State, 868 N.E.2d

482, 490 (Ind. 2007), clarified on reh'g, 875 N.E.2d 218 (Ind. 2007). An abuse of

discretion occurs if the decision is clearly against the logic and effect of the facts and

circumstances. Id. The trial court may abuse its discretion in sentencing by:

3

(1) failing to enter a sentencing statement, (2) entering a sentencing statement that explains reasons for imposing the sentence but the record does not support the reasons, (3) the sentencing statement omits reasons that are clearly supported by the record and advanced for consideration, or (4) the reasons given in the sentencing statement are improper as a matter of law.

Kimbrough v. State, 979 N.E.2d 625, 628 (Ind. 2012) (citing Anglemyer, 868 N.E.2d at 490-91).

## II. Phelps's Sentence

Phelps contends that the maximum sentence imposed by the trial court may have been compensation for the court's belief that the jury incorrectly found Phelps not guilty of dealing in cocaine. In making his argument that the trial court abused its discretion, Phelps relies on our supreme court's decisions in Gambill v. State, 436 N.E.2d 301 (Ind. 1982) and Hammons v. State, 493 N.E.2d 1250 (Ind. 1986). In both Gambill and Hammons, our supreme court found an abuse of discretion where the trial court made a statement at the sentencing hearing expressing disagreement with the jury's decision to acquit the defendant of a greater offense.

In Gambill, the defendant was charged with murder, but the jury found defendant guilty of voluntary manslaughter, a Class B felony. After finding that certain statutory aggravators were present, the trial court made the following statement:

I think the facts of the occurrence justify, and the evidence would justify a conviction of murder. I think in fact that was the offense committed. The jury, as it had a right to do, returned a verdict of voluntary manslaughter for whatever reason, and I think it was not the right verdict. Further than that I think the police did an exemplary job of developing this case.

4

Gambill, 436 N.E.2d at 304.  The court then sentenced the defendant to a term of twenty years imprisonment.  Our supreme court concluded that "the trial court enhanced the sentence to compensate for what he believed to be an erroneous verdict."  Id. at 305.  The court went on to say that the trial court "invaded the province of the jury.  From [the trial court's] comments, any enhancement by [it] would be suspect . . . ."  Id.  The court remanded with instructions to resentence the defendant to the presumptive term of ten years.  Id.

Similarly, in Hammons, supra, the defendant was charged with murder but found guilty only of voluntary manslaughter.  A sentencing hearing was held at which the trial court said:  "I feel there is ample evidence to justify a finding on the murder count itself.  Therefore, Mr. Hammons, the Court is going to sentence you at this time . . . [for] a period of twenty years . . . ."  Hammons, 493 N.E.2d at 1251 (emphasis omitted).  Upon the State's motion, the matter was remanded for resentencing because the trial court failed to adequately state facts supporting an enhanced sentence.  At the resentencing hearing, while recounting the aggravating circumstances, the trial court said:  "I tended to disagree with the jury's verdict in this particular matter and while I cannot sentence for a murder conviction, I have sentencing alternatives within the manslaughter class B felony."  Id. at 1252 (emphasis omitted).  The trial court then imposed the maximum sentence allowed for voluntary manslaughter.  Our supreme court held that the trial court abused its discretion and that the sentence appeared to be compensation for a supposedly incorrect jury verdict.  The court reasoned that the trial court's act of intermingling its opposition to the jury verdict with a discussion of a legitimate aggravating circumstance

5

"does not remove the suspect nature of the enhancement." Id. at 1253. The court also distinguished the case from Wilson v. State, 458 N.E.2d 654 (Ind. 1984), in which a trial judge had shown "mild skepticism" of the jury verdict but was not "resolutely opposed" to it. Hammons, 493 N.E.2d at 1253.

Here, the State does not dispute that the trial court expressed disagreement with the jury verdict. Instead, the State argues the trial court appropriately enhanced Phelps's sentence by relying on other proper aggravating circumstances. We believe, however, that the presence of aggravating circumstances justifying an enhanced sentence does not wash away the stain left by a trial court's blatant disagreement with the jury verdict at sentencing. Indeed, in Gambill, our supreme court found error despite stating that "the circumstances of the crime may well have warranted the assessment of a maximum sentence . . . ." 436 N.E.2d at 305. And in Hammons, the court remanded for resentencing notwithstanding its holding that the defendant's sentence was not unreasonable in light of the nature of the offense and the character of the offender.[1] 493 N.E.2d at 1255-56.

In cases such as this, the appearance of fairness and the need to promote public confidence in the integrity of the judicial system are considerations carrying as much weight as any other. In both Gambill and Hammons, our supreme court balked at the "suspect" nature of the sentence enhancements—a direct consequence of the trial court's outspoken disagreement with the jury verdicts in those cases. The sentence in this case is

---

[1] At the time Hammons was decided, our appellate rules permitted reviewing courts to revise a sentence if it was "manifestly unreasonable." The current version of Indiana Appellate Rule 7(B), effective January 1, 2003, allows us to revise sentences that are "inappropriate."

equally suspect, where the trial court stated it believed Phelps was "clearly" guilty and that it did not understand why the jury reached the verdict it did. Tr. at 446-47. Therefore, we conclude the trial court abused its discretion.

Phelps requests that we remand with instructions to enter an advisory sentence of four years.[2] We do not believe that an advisory sentence would be appropriate here. The trial court's imposition of the maximum sentence is suspect due to the trial court's stated disagreement with the jury's refusal to find Phelps guilty of a greater offense; nevertheless, this case presents several aggravating factors that are totally independent of the nature of the charges in this case. Phelps, who was twenty-four at the time he committed this offense, has prior felony convictions for burglary and possession of cocaine, and he also has a significant juvenile history. In addition, Phelps has violated probation multiple times and was on probation when he committed this offense. With these aggravators in mind, we believe an executed sentence of six years is appropriate, rather than the four-year advisory sentence requested by Phelps.

<u>Conclusion</u>

We conclude the trial court abused its sentencing discretion and that the trial court's stated disagreement with the jury's not-guilty verdict concerning a greater offense renders the trial court's maximum sentence a suspect enhancement. We remand with instructions that Phelps's sentence be vacated and that the trial court sentence Phelps to six years with the Department of Correction. Furthermore, we direct the trial court to

---

[2] At the time of Phelps's offenses, the advisory sentence for a Class C felony was four years, with a sentencing range of two to eight years. <u>See</u> Ind. Code § 35-50-2-6 (2013).

correct the order of judgment of conviction, which erroneously indicates that Phelps was convicted of a Class A felony.

Reversed and remanded.

BAILEY, J., and BROWN, J., concur.